Juana **GUZMAN ROSA**, et al., Plaintiffs,

v.

Hector M. de **ALBA**, Defendant.

Civ. No. 85–0521 (JAF).

United States District Court, D. Puerto Rico.

Sept. 22, 1987.

Ramón L. Walker Merino, San Juan, P.R., for plaintiffs.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF JUDGMENT

FUSTE, District Judge.

On March 5, 1984, at about 2:00 P.M., minors Carlos Rodríguez, Eduardo Delgado Arocho, and Santos Escobar Guzmán, aiding and abetting each other, attempted to enter the backyard of Mrs. Aida López' residence, located at Marquesa St. No. 11, Rivieras de Cupey, Río Piedras, Puerto Rico. The purpose behind the entry into private premises was to break and enter into a structure there located, where Mrs. López warehoused copper bars. The trio had plans to steal the metal bars.

While the minors broke open a fence of corrugated zinc plates to gain access to Mrs. López' property, she called the police. Policemen Juan P. Torres and Néstor Negrón Reyes arrived at the scene and came into the fenced patio. Some minutes later, defendant policemen Héctor M. de Alba and Ricardo Batiz arrived at the scene.

Policeman de Alba gained access to the roof of Mrs. López' residence. From there, he could observe the minors as they broke the fence open. For reasons unknown, de Alba proceeded to fire his revolver. Santos Escobar Guzmán was seriously injured. A bullet hit him on the head with entry site of great damaging force.

Upon being shot at, two of the minors apparently tried to hide or escape. The mentioned policemen arrested them. An official investigation found de Alba as having infringed police regulations demonstrating incapacity, carelessness, and negligence in the performance of his duties when he made use of his official firearm against an unarmed person without an impending justification.

This case was tried only against defendant policeman Héctor M. de Alba. His default for failure to plead or otherwise defend had been previously entered. Fed. R.Civ.P. 55.

Having weighed the evidence received in light of the applicable law, we find that there is an actionable constitutional tort, 42 U.S.C. sec. 1983. Jurisdiction exists under 28 U.S.C. sec. 1343. The following contains our findings and conclusions. Fed.R. Civ.P. 52(a).

### I.

We first consider the complaint as it relates to plaintiffs Juana Guzmán Rosa (in her personal capacity), Virgen Milagros Escobar, and David Trinidad Guzmán, the mother, sister, and brother of the victim. They assert a claim against defendant for the severe mental anguish they have suffered in connection with the injuries to Santos. When evaluating such claims of deprivation, we are bound by the recent First Circuit decision *Valdivieso Ortiz v. Burgos*, 807 F.2d 6 (1986). There, the Circuit refused to find a constitutionally-protected interest for family members in the companionship of the victim who, in that case, was killed. *See also De la Cruz La Chapel v. Chévere Ortiz*, 637 F.Supp. 43, 45-6 (D.P.R.1986). Only the person toward whom the state action was directed, and not those incidentally affected, may maintain a section 1983 claim. *Valdivieso Ortiz*, 807 F.2d at 9. Thus, only Juana Guzmán Rosa in her capacity as representative for her son may properly recover any damages.

### II.

The Supreme Court ruling in *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), governs the situation presented in this action. *Garner* involved a policeman's use of deadly force to prevent the escape of a suspected felon. Justice White, writing for the Court, held:

> The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable.... Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so.

*Id.,* 105 S.Ct. at 1701. The opinion goes on to note that the use of deadly force would

be appropriate, for example, when the officer has probable cause to believe the suspect poses a serious threat. *Id.*

■ We read those passages in *Garner* to allocate to the plaintiff the burden of proving the use of excessive force. If such a *prima facie* claim is made, the burden then shifts to the defendant to prove circumstances justifying the use of such force. We find that in this instance, the plaintiff has met his burden, but since this was a default hearing, the defendant has not demonstrated any mitigating circumstances.

■ There can be no question that deadly force was used by Officer de Alba. Santos was shot through the head, a fact adequately demonstrated by the police report entered in evidence along with testimony and other evidence concerning plaintiff's medical condition. On the other hand, nothing indicates that the minors were armed with anything besides scissors for cutting the fence and there is no evidence that Santos was brandishing or even holding those scissors when he was shot. There is, in short, nothing enabling us to conclude that the plaintiff posed any threat at all to de Alba, the other policemen, the owner of the property, or any other persons who may have been in the area.

*Garner* thus dictates the finding that de Alba's actions were unreasonable constitutional violations, offensive to the fourth amendment guarantee against unreasonable seizures. We are unable to consider whether defendant acted in the good faith or reasonable belief that plaintiff was in fact a threat; such a claim of qualified immunity is an affirmative defense, not raised at all in these proceedings. *Cf., de Abadía v. Izquierdo Mora,* 792 F.2d 1187 (1st Cir.1986) (qualified immunity in the context of political dismissals).

Despite this ruling, we sympathize with the plight of policemen, who are daily confronted with criminals, often very dangerous ones. We recognize that the consequences of doing nothing can be as grave as those of acting, especially in a world where split-second, life-or-death decisions are constantly made. Still, a majority of the Supreme Court has held that no matter how extreme the difficulty in determining an appropriate course, the decision maker remains responsible for his choice. We are bound to hold officers of the law to the highest standards and to punish even the bravest when they fail to satisfy them. This is the civilized standard by which we are guided.

## III.

Judgment will be entered for plaintiff Santos Escobar Guzmán against defendant Héctor M. de Alba in the amount of $150,-000. It appears from the record that the plaintiff has suffered both physically and psychologically from his injury. This young man still has atomic bullet fragments lodged in the right frontal cerebral lobe and requires maintenance on Dilantin for a seizure disorder secondary to the gunshot wound. He exhibits changes in behavior patterns with bizarre and restless related behavior. In sum, he suffers from a permanent frontal lobe syndrome with a consequent inattentiveness and corresponding variability in behavior.

In addition, the complaint as to plaintiffs Juana Guzmán Rosa, Virgen Milagros Escobar, and David Trinidad Guzmán will be DISMISSED.

IT IS SO ORDERED.