**Mirella Figueroa LOPEZ, et al.**

v.

**Leonicio Hilerio PADILLA, et al.**

**No. 98–1325(DRD).**

United States District Court, D. Puerto Rico.

Sept. 30, 1999.

Frank D. Inserni-Milam, San Juan, PR, for Plaintiff.

Francisco J. Amundaray–Rodriguez, Mercado & Soto, San Juan, PR, Eric Perez-Ochoa, Martinez, Odell & Calabria, Hato Rey, PR, Victor M. Rivera-Torres, Santurce, PR, Gloria Robison-Guarch, Dept. of Justice of PR, Fed. Litigation Div., San Juan, PR, Carmen T. Ubarri-Nevares, Martinez, Odell & Calabria, Hato Rey, PR, Enrique Velez-Rodriguez, San Juan, PR, for defendant.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court is Co-defendants Northwest Security, Inc. and Wilson Forestier's joint motion for summary judgment (Docket No. 13) and Plaintiff's opposition thereof (Docket No. 30); and Co-defendants Leonicio Hilerio Padilla, Artu-

ro del Valle and Hermán Sulsona's unopposed motion to dismiss[1] (Docket No. 16).

## I. Background

On March 30, 1998, Plaintiffs filed the instant complaint for damages resulting from numerous incidents of sexual harassment and discriminatory retaliation. Following are the relevant facts derived from the complaint.

Between August 1995 and June 1996, while Plaintiff Mirella Figueroa ("Figueroa") was working as a Security Guard at the Mayaguez Port for the Puerto Rico Ports Authority ("PRPA"), Figueroa was allegedly subjected to numerous incidents of sexual harassment by the Port's Interim Administrator, Co-defendant Leonicio Hilerio Padilla ("Padilla"); and to incidents of undue pressure by the Mayaguez Airport's Supervisor, Co-defendant Arturo del Valle ("del Valle"), and by a PRPA Captain, Mr. Suárez. Sometime on or around June 1996 Figueroa reported the incidents to Mr. Guadalberto Capdeville, Chief of the Maritime Division of the PRPA. Figueroa also filed a complaint for defamation against Padilla with the Puerto Rico Police, but Padilla was soon acquitted from this charge. On April 9, 1997, Co-defendant Wilson Forestier ("Forestier"), Manager for Northwest Security, Inc. ("Northwest") and Figueroa's supervisor at the time, informed Figueroa that she was being transferred from the Mayaguez Port upon Padilla's and another officer of the PRPA's requests. Forestier explained to Figueroa that if she was not taken out of the Mayaguez Port the PRPA would cancel Northwest's service contract. Soon after Mirella Figueroa was transferred from the Mayaguez Port to the University of Puerto Rico's Campus in Aguadilla and her work hours were reduced. Plaintiffs allege that this transfer was a result of Northwest and Forestier's discriminatory retaliation for her pursuit of the sexual harassment claim against Padilla.

Co-defendants Northwest and Forestier move for partial summary judgment on three (3) grounds:

1) Figueroa was transferred to a different job site pursuant to the PRPA's request and not as retaliation for Figueroa's initiation of sexual harassment procedures. The PRPA was entitled to request Figueroa's transfer, and Northwest had to comply with the PRPA's request, under Northwest's service contract with the PRPA. Further, the PRPA's request was motivated by the return of Padilla to the Mayaguez Port.[2] This action was a government decision out of the control of Northwest.

2) Plaintiffs' claim against Co-defendant Forestier should be dismissed for lack of a cause of action for individual liability under Title VII.

3) Plaintiffs' claims under Puerto Rico's general tort law should be dismissed because a plaintiff cannot maintain a claim for sexual harassment under Law No. 100, P.R.Laws Ann. tit. 29, § 146 et seq., and at the same time maintain an action against the same parties under Puerto Rico's general tort statute, P.R.Laws Ann. tit. 30, § 5492.

Co-defendants Padilla, Hermán Sulsona, and del Valle appear in their personal capacity and move for dismissal on five (5) grounds:

---

1. By order of August 30, 1999, the Court granted defendants five (5) days to produce or object to all discovery requests referred to by plaintiff in a letter addressed to counsel Gloria Robinson Guarch. Plaintiff was then granted fifteen (15) days from defendants' compliance with discovery to oppose each one of defendants' motions to dismiss. Defendants complied with the Court's order on September 10, 1999. Thus, Plaintiff had until September 25, 1999, to oppose defendants' motions to dismiss. To this date, Plaintiffs' counsel has neither opposed said motions or appeared before the Court justifying the delay.

2. It appears from Co-defendants' motion for summary judgment that Padilla was temporarily transferred from the Mayaguez Port on June of 1996.

1) Plaintiffs' § 1983 action is time barred.

2) Plaintiffs have failed to state a cognizable cause of action under Title VII against the individual defendants.

3) Plaintiffs' § 1983 action is barred by defendants' qualified immunity

4) Figueroa's minor children lack standing to sue.

5) Title VII is the exclusive remedy for a civil rights violation.

Plaintiffs have opposed CO-defendants Northwest and Forestier's motion for summary judgment, not Co-defendants Padialla, Sulsona, and del Valle's motion to dismiss.[3]

## II. Standards for summary judgment

The function of summary judgment is "to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial is actually necessary." *Vega–Rodriguez v. P.R.T.C.*, 110 F.3d 174, 178 (1st Cir.1997). Accordingly, federal courts will grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).

To defeat a motion for summary judgment the resisting party will have to show the existence of "a trial worthy issue as to some material facts." *Cortes–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if the same "potentially affect[s] the suit's determination." *Garside v. Osco Drug Inc.*, 895 F.2d 46, 48 (1st Cir.1990). "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes–Irizar-*

*ry*, 111 F.3d at 187. Nonetheless, "speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant on the face of a properly documented summary judgment motion." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996) (citations omitted)

The movant for summary judgment, of course, must not only show that there is "no genuine issue of material facts," but also, that he is "entitled to judgment as a matter of law." *Vega–Rodriguez*, 110 F.3d at 178. Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment." *Cortes–Irizarry*. 111 F.3d at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood ..." *Greenburg v. Puerto Rico Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987). Courts must exercise "a cautious approach to summary judgment motions where issues of motive and intent must be resolved." *Coll v. PB Diagnostic Systems, Inc.*, 50 F.3d 1115 (1st Cir.1995). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997).

## III. Standards for motion to dismiss

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE provides that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that a complaint should not be dismissed unless it appears beyond any doubt that

---

**3.** See footnote 1 this opinion.

the plaintiff can prove no set of facts which would support a claim entitling him or her to relief. *Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc.*, 68 F.3d 525 (1st Cir.1995); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true the well pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2577, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Beléndez*, 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994). However, "[b]ecause only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993).

In opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. *Id.* at 23 (citing *Correa–Martinez*, 903 F.2d at 52; *Dartmouth Review*, 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir.1957)). Plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

**IV. Analysis**

*A. Discrimination and retaliatory animus by Northwest*

 Under the burden shifting framework set forth by *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), Plaintiff has the initial burden of establishing a prima facie case of discriminatory retaliation. In order to meet this burden, Plaintiff must demonstrate that: 1) she engaged in protected conduct; 2) she suffered an adverse employment action; and 3) there is a causal connection between the protected conduct and the adverse employment action. *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir.1996). Adverse employment actions include discharge from employment, demotions, disadvantageous transfers, refusals to promote, negative job evaluations and the toleration of harassment by other employees. *Wyatt v. City of Boston*, 35 F.3d 13, 15 (1st Cir.1994).

Examining the record and drawing all reasonable inferences in favor of Plaintiffs, the Court finds that Figueroa has established a prima facie case of discriminatory retaliation against her employer, Northwest. Plaintiff has asserted sufficient facts to demonstrate that she was the object of sexual harassment by Co-defendant Padilla. Second, Plaintiff was transferred from the PRPA's port in Mayaguez to the University of Puerto Rico's campus in Aguadilla. This transfer resulted in a longer commute for Plaintiff, changed her working schedule, and, apparently, reduced her number of working hours. Thus, Plaintiff's transfer was prima facie disadvantageous. And third, Plaintiff has introduced sufficient evidence which, if believed, would allow a jury to infer that Plaintiff was transferred because of her decision to pursue a cause of action for harassment against Leonicio Hilario Padilla. Plaintiff having demonstrated a prima facie case of discriminatory retaliation, the burden then shifts to Co-defendant Nortwest to articulate a legitimate, nondiscriminatory reason for Plaintiff's transfer. *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. Defendant has articulated said reason by asserting that Plaintiff's transfer was the result of their client's requests and not the result of any discriminatory or retaliatory animus.

■ Viewing the totality of the evidence on this issue and drawing all inferences in favor of Plaintiff under the standards set forth for summary judgment, the Court finds that the evidence presented by the parties is sufficient to make out a jury question as to pretext and discriminatory animus. The parties' evidence involves issues of "motive" and/or "intent" which must be evaluated by a jury, because "summary judgment procedures should be used sparingly ... where motive and intent play leading roles." *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). *See also Lipsett v. University of Puerto Rico,* 864 F.2d 881, 895 (1st Cir. 1988); *Pullman–Standard v. Swint,* 456 U.S. 273, 287–288, 102 S.Ct. 1781, 1789–1790, 72 L.Ed.2d 66 (1982). (At the very least there is an issue of the "intent" or "motive" as to the transfer of Plaintiff— was the purpose legitimate under a valid business reasons or was the motive one of retaliation and thus, illegal). Consequently, Co-defendants' motion for summary judgment on this issue is **DENIED.**

*B. Title VII claims against Forestier, Padilla, Sulsona and del Valle*

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibits any employer, employment agency, or labor organization from engaging in unlawful employment practices based upon an individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2(b). Specifically, the term employer refers to a person engaged in an industry affecting commerce, employing fifteen (15) or more employees for twenty (20) or more weeks in the current or preceding calendar year from the date of the alleged discriminatory act.

Co-defendants Forestier, Padilla, Sulsona and del Valle assert that the complaint should be dismissed against them because Title VII does not allow a cause of action

against them as individuals. On this issue, Plaintiffs have presented no counterarguments.

Neither the Supreme Court of the United States nor the First Circuit have ruled upon the question whether an individual can be held liable for sexual discrimination under Title VII.[4] Further, amongst those Circuits that have ruled on this question there is a well-known split. A majority of the Circuit Courts have found that there is no individual liability under Title VII. *See U.S. E.E.O.C. v. AIC Security Investigations Ltd.,* 55 F.3d 1276, 1281 (7th Cir. 1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–1317 (2nd Cir.1995); *Williams v. Banning,* 72 F.3d 552, 553–555 (7th Cir.1995); *Miller v. Maxwell's Int. Inc.,* 991 F.2d 583, 587–588 (9th Cir.1993), cert. denied 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994); *Haynes v. Williams,* 88 F.3d 898, 900–901 (10th Cir.1996); *Cross v. Alabama,* 49 F.3d 1490, 1504 (11th Cir.1995); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.1995), cert. denied 516 U.S. 1011, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *Grant v. Lone Star,* 21 F.3d 649, 653 (5th Cir.1994), cert. denied 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994). Only the Fourth Circuit has imposed personal liability upon supervisors. *Paroline v. Unisys Corp.,* 879 F.2d 100, 103 (4th Cir.1989).

The District of Puerto Rico has followed the majority trend and there are now several decisions dismissing Title VII claims for individual liability against supervisors. *Contreras Bordallo v. BBV de Puerto Rico,* 952 F.Supp. 72 (D.P.R.1997); *Hernández v. Wangen,* 938 F.Supp. 1052, 1063–1065 (D.P.R.1996); *Flamand v. American International Group, Inc.,* 876 F.Supp. 356, 361–364 (D.P.R.1994). The *underlying reasoning is as follows:*

> The overall language of Title VII, the legislative history, and the Civil Rights Act of 1991 demonstrate that Congress used the word "agent" in the definition

---

**4.** In the case of *Scarfo v. Cabletron Systems, Inc.,* 54 F.3d 931, 951–952 (1st Cir.1996) the issue was squarely presented to the Court; the Court, however, declined to resolve the matter on procedural grounds.

of "employer" to incorporate the doctrine of respondeat superior into the law. (Citations omitted.) There is absolutely no mention in the statute or in the legislative history of Title VII's application to individual defendants. (Footnote omitted.) As it was with other civil rights statutes such as section 1981, Congress would have included individuals like supervisors as potential liable parties ... Finally the language of the Civil Rights Act reflects Congress' pellucid desire to protect small corporate entities from the burdens of litigating discrimination lawsuits. (Footnote omitted) It shields all defendants with lower that fifteen employees from liability, 42 U.S.C.A. 1981a(a)(3) (1994). Moreover, for defendants with more than fourteen employees, it limits the amount for compensatory and punitive damages recoverable proportionally to the number of total employees. Id. Once again as with Title VII, there was absolutely no discussion of expanding liability to include individual defendants. (Footnote omitted) Indeed it would be nothing short of bizarre if Congress placed such heightened emphasis and concern on limiting the damages recoverable against small corporate entities and simultaneously, silently exposed all individual defendants to unlimited liability.

*Wangen*, 938 F.Supp. at 1064–1065.

■ Having considered the District Court of Puerto Rico's precedents and un-til other guidance is received from the First Circuit Court on this matter, this Court deems appropriate to leave to Congress, after proper consideration and debate, the matter of individual liability of supervisors. Accordingly, Plaintiffs' Title VII claims against Forestier, Padilla, Sulsona and del Valle in their personal and official capacities are **DISMISSED with prejudice.**[5]

### C. *Personal liability claims under local law*

The Court notes that there is supplemental jurisdiction of personal liability claims under local law against Forestier, Padilla, Sulsona and del Valle. The Puerto Rico Supreme Court has not decided the matter of individual liability for supervisors under local Law No. 100, P.R.Laws Ann. tit. 29, § 146 et seq. Thus, plaintiffs' local law claims for individual supervisor liability are **DISMISSED without prejudice** pursuant to the mandate expressed at 28 U.S.C. § 1367: "(c) the district court may decline to exercise supplemental jurisdiction under a claim ... if (1) the claims raises a novel of complex issues of state law." [6]

### D. *§ 1983 claim and statute of limitations*

■ It is settled law that the Civil Rights Act of 1871, 42 U.S.C. § 1983, does not state a limitations period for claims

**5.** Should the supervisory liability issues under Title VII be resolved by the First Circuit prior to pre-trial, Plaintiff should bring the matter to Court's attention of the Court on reconsideration. No judgment is to be issued at this time. *Nichols v. The Cadle Co.*, 101 F.3d 1448, 1449 (1st Cir.1996).

Note also that Title VII extends its protection only to "employees" and other victims of discrimination, 42 U.S.C. § 2000e(f), not to relatives of the discriminated individual. Plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa have never been employed by any of the Co-defendants. Thus, Plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa lack standing to sue under Title VII. Consequently, even if defendants could be held personally liable under Title VII, these plaintiffs still would not have a cause of action because they do not fall within Title VII's protected group.

**6.** This finding makes it unnecessary for the Court to entertain defendants' contention that plaintiffs' claims under Puerto Rico's general tort law must be dismissed for being "duplicative" of plaintiffs' Law No. 100 claims. Note, however, that alternate theories of recoveries are clearly allowed so long as duplicative remedies are not awarded. That is, by bringing a Law No. 100 claim Plaintiff is not precluded from bringing an alternate general tort claim. What is precluded is the recovery of damages under both causes of action.

brought pursuant to it. Consequently, federal courts are to borrow the state limitations period for personal injury claims. Federal courts are also to borrow state law for closely related issues such as tolling and application of the relevant period, unless local tolling and application rules are inconsistent with federal law or policies. *Lafont–Rivera v. Soler–Zapata,* 984 F.2d 1 (1st Cir.1993); *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349 (1st Cir.1992); *Street v. Vose,* 936 F.2d 38 (1st Cir.1991); *Rodríguez Narvaez v. Nazario,* 895 F.2d 38 (1st Cir.1990); *Wilson v. García,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Federal courts, however, are to apply federal law in determining the date of accrual of the borrowed state limitations period. Hence, the determination of the "day in which [the action] could have been instituted is a question of federal, not state law." *Olivo Ayala v. López Feliciano,* 729 F.Supp. 9, 10 (D.P.R.1990). *See also United Klans of America v. McGovern,* 621 F.2d 152 (5th Cir.1980); *Rivera–Muriente,* 959 F.2d at 353; *Rivera Fernández v. Chardón,* 648 F.2d 765 (1st Cir.1981).

■ Under Puerto Rico law the applicable statute to Plaintiffs' § 1983 claims is the one year limitations period provided for personal injury actions under Article 1868 of the Civil Code, P.R.Laws Ann. tit. 31, § 5298 (1990). *Lafont–Rivera v. Soler–Zapata,* 984 F.2d 1 (1st Cir.1993); *Rivera–Muriente,* 959 F.2d 349; *Street v. Vose,* 936 F.2d 38 (1st Cir.1991); *Rodrí-*

*guez Narvaez,* 895 F.2d 38. Under federal law the one year period begins to run when the aggrieved party "knows or has reason to know of the injury on which the action is based." *Rivera–Muriente,* 959 F.2d at 353; *Muñiz–Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir.1994).

■ Pursuant to the above, plaintiff Figueroa's claims against Co-defendants Padilla, Sulsona and del Valle had to be brought, at most, 1 year after Figueroa knew that she had been the victim of sexual harassment and discrimination. Taking Plaintiffs' allegations as true for the purpose of Co-defendants' motion to dismiss, Figueroa knew that she was being harassed, at the latest, on June of 1996 when she complained to Guadalberto Capdeville. Plaintiffs did not bring their cause of action until March of 1998, more than 1 year and several months after Figueroa knew that she had been harassed. Plaintiff's claims under § 1983 against Padilla, Hermán Sulsona and del Valle are, thus, time-barred and hereby **DISMISSED with prejudice.**[7]

**E. Tamaris, Guillermo and Myrelys Figueroa's standing to sue Co-defendants Padilla, Sulsona and del Valle under § 1983**

■ The First Circuit has refused to find a constitutionally protected interest for family members in the companionship of a victim who suffers a § 1983 violation. *Valdivieso Ortiz v. Burgos,* 807 F.2d 6 (1st

---

*Garshman Comp. Ltd. v. G.E. Comp.,* 176 F.3d 1, 5 (1st Cir.1999); *Dopp v. HTP Corp.,* 947 F.2d 506, 517 (1st Cir.1991); *Borden v. Paul Revere Life Ins.,* 935 F.2d 370, 383 (1st Cir.1991) ("A plaintiff's recovery against a defendant under one tort theory precludes any duplicative recovery for the same damages under some other tort theory.") (citations omitted); *Duford v. Sears Roebuck and Comp.,* 833 F.2d 407 (1st Cir.1981).

Note also that if the Supreme Court of Puerto Rico resolves the issue of supervisory liability under Law No. 100 and this Court has decided to entertain Plaintiff's Title VII claim sometime before pre-trial, Plaintiffs should bring the matter to the attention of the Court on reconsideration.

**7.** This determination makes it unnecessary for the Court to entertain Co-defendants' arguments that qualified immunity bars Plaintiff's § 1983 actions against them and Co-defendants' arguments that Title VII preempts Plaintiff's § 1983 cause of action. The Court notes, however, that defendants preemption claim is based on the case of *Marrero Rivera v. Dept. of Justice,* 800 F.Supp. 1024 (D.P.R. 1992). Notwithstanding the well-reasoned opinion, said case has thereafter not been followed by various Circuit and District Courts. *Beardsley v. Isom,* 828 F.Supp. 397 (E.D.Va.1993); *Stoner v. Dept. of Agriculture,* 846 F.Supp. 738 (W.D.Wi.1994); *Stoner v. Dept. of Agriculture,* 846 F.Supp. 738 (W.D.Wi.1994); *Ribot Espada v. Woodroffe,* 896 F.Supp. 69 (D.P.R.1995);

Cir.1986). "Only the person toward whom the state action was directed, and not those incidentally affected, may maintain a section 1983 claim." *Guzmán Rosa v. de Alba,* 671 F.Supp. 882, 883 (D.P.R.1987). Thus, only Mirella Figueroa, and not co-plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa, may recover damages for a § 1983 violation. Co-plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa's causes of action under § 1983 are hereby **DISMISSED with prejudice.**[8]

*F. Supplemental jurisdiction over local law claims*

Finally, the dismissal of Co-plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa's federal causes of action leaves only Co-plaintiff's claims under Puerto Rico law. Pursuant to 28 U.S.C. § 1367(c) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Court declines to exercise supplemental jurisdiction over Co-plaintiff's state law claims against the Co-defendants. *See Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state law claims.") Accordingly, Co-plaintiffs Tamaris, Guillermo and Myrelys Jusino Figueroa's causes of action under local law are **DISMISSED WITHOUT PREJUDICE.**

### V. Conclusion

Co-defendants Northwest and Forestier's motion for summary judgment is **DENIED IN PART, GRANTED IN PART.** Plaintiffs' cause of action for Title VII liability against Northwest remains before the Court to be adjudicated by a jury. Plaintiff's claim for individual Title VII liability against Forestier is **DISMISSED WITH PREJUDICE** for failure to state a cause of action. Plaintiff's state law claim for individual liability against Forestier is **DISMISSED WITHOUT PREJUDICE.**

Co-defendants Padilla, Sulsona and del Valle's motion to dismiss is **GRANTED.** Plaintiff Figueroa's § 1983 cause of action against CO-defendants Padilla, Sulsona and del Valle is **DISMISSED WITH PREJUDICE** for being time-barred. Plaintiff Figueroa's Title VII cause of action against Padilla, Sulsona and del Valle for individual supervisory liability is **DISMISSED WITH PREJUDICE** for failure to state a cause of action. Plaintiffs' state law claims for individual liability against Padilla, Sulsona and del Valle are **DISMISSED WITHOUT PREJUDICE.** Plaintiffs Tamaris, Guillermo and Myrelis' causes of action under § 1983 and Title VII are **DISMISSED WITH PREJUDICE.** Plaintiff's Tamaris, Guillermo and Myrelis's causes of action under local law are **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

---

**8.** *See also Soto v. Flores,* 103 F.3d 1056, 1062 (1st Cir.1997), *Manarite v. City of Springfield,* 957 F.2d 953, 959–960 (1st Cir.1992); *Pittsley v. Warish,* 927 F.2d 3, 8 (1st Cir.1991); *Rodríguez v. Comas,* 888 F.2d 899, 903 (1st Cir. 1989); *Valdivieso Ortiz v. Burgos,* 807 F.2d 6 (1st Cir.1986); *Quiles ex rel Project Head Start v. Hernández Colón,* 682 F.Supp. 127, 129 (1st Cir.1987).