USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-2330 No. 93-2367 DAVID JAMES WYATT, Plaintiff, Appellant, v. CITY OF BOSTON, ET AL., Defendants, Appellees. __________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ___________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ___________________ David James Wyatt on brief pro se. _________________ Malcolm S. Medley on brief for appellee Boston School ___________________ Committee. __________________ September 15, 1994 __________________ Per Curiam. Appellant David James Wyatt, a former __________ teacher in the Boston public school system, filed two almost identical complaints in the district court. They concern the reasons for various allegedly adverse actions taken by appellees -- the Boston School Committee and school personnel. Ultimately, appellant was terminated from his job. Each complaint contains a rambling, detailed, and often confusing account of the events which led up to appellant's dismissal. The gist of the complaints is that appellees retaliated against appellant for opposing what he viewed as sexual harassment and for filing a complaint with the Massachusetts Commission Against Discrimination. The district court dismissed the first complaint sua sponte. The order states in full: ___ ______ A mere reading of plaintiff's Complaint for Retaliation evidences the fact that the defendants had good cause to terminate his employment from the Boston Public School System. So as not to unduly prejudice the plaintiff from further employment in the education field, the Court refrains from citing those portions of plaintiff's Complaint which give a strong basis for defendants' actions. This case is dismissed. In the second action, the court granted in forma pauperis status to appellant and, at the same time, dismissed his complaint as frivolous under 28 U.S.C. 1915(d). It held that the second complaint had alleged no new facts or legal theories. -2- We assume that the dismissal of the first complaint was based on Fed. R. Civ. P. 12(b)(6). The sticking point is that the district court dismissed the action without notice and without giving appellant a chance to amend his complaint under Fed. R. Civ. P. 15(a) or to respond in any other way to what the court perceived as the complaint's deficiencies. The general rule is that such dismissals are proper "if process has been issued and served and plaintiff is given notice and an opportunity to respond." 2A James W. Moore & Jo D. Lucas, Moore's Federal Practice 12.07[2.--5], at 12- ________________________ 99 (2d ed. 1994) (footnote omitted); 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 1357, at ______________________________ 301 (2d ed. 1990) (sua sponte dismissal under Rule 12(b)(6) permitted "as long as the procedure employed is fair"). The Supreme Court has said that "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." See Neitzke v. Williams, 490 U.S. ___ _______ ________ 319, 329 (1989) (footnote ommitted). This court also has stated that a district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint. Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue. -3- Literature, Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973) ________________ _____ (citations ommitted). See also Street v. Fair, 918 F.2d 269, ________ ______ ____ 272 (1st Cir. 1990) (per curiam); Ricketts v. Midwest Nat'l ________ _____________ Bank, 874 F.2d 1177, 1185 (7th Cir. 1989) (where a sua sponte ____ dismissal is contemplated by a district court, that court must first give "both notice of the court's intention and an opportunity to respond"); Perez v. Ortiz, 849 F.2d 793, 797- _____ _____ 98 (2d Cir. 1988) (although sua sponte dismissals are proper in some circumstances, a plaintiff must first be given "notice and an opportunity to be heard").1 The district court determined that the School Committee had "good cause" to fire appellant. However, it is not clear from the court's order whether it was treating appellant's claim as one for unlawful termination under 42 U.S.C. 2000e-2(a)(1) or for retaliation under 2000e-3(a). Because both complaints were labelled as complaints for ____________________ 1. We note that in some circumstances other circuits have held that where a district court has dismissed a complaint for failure to state a claim sua sponte, and without notice or an opportunity to be heard, reversal of such a Rule 12(b)(6) dismissal is not mandated if amendment would be futile or if it is patently obvious that the plaintiff could not prevail. However, most of these cases involve defects which are self-evident. See Smith v. Boyd, 945 F.2d 1041, ___ _____ ____ 1043 (8th Cir. 1991) (inspection of nonpriviledged mail does not constitute a constitutional violation of prisoner's rights; complaint also failed to allege any injury from defendants' acts); McKinney v. State of Oklahoma Dep't of ________ ____________________________ Human Services, 925 F.2d 363, 365-66 (10th Cir. 1991) (state ______________ defendants were immune from suit, private defendant did not act under color of state law and complaint alleged a violation of a right which plainly did not exist). We do not think that this is such a case. -4- "retaliation," it seems that the analysis under 2000e-3(a) applies. This section provides in relevant part: It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. Appellant's claims of retaliation are based on both the "participation" and the "opposition" clauses. That is, he made a charge to the MCAD and opposed what he saw as sexual harassment. As for the participation clause, "there is nothing in its wording requiring that the charges be valid, nor even an implied requirement that they be reasonable." 3 Arthur Larson & Lex K. Larson, Employment Discrimination 87.12(b), _________________________ at 17-95 (1994) (footnotes omitted); see also Sias v. City ________ ____ ____ Demonstration Agency, 588 F.2d 692, 695 (9th Cir. 1978) (it ____________________ is "well settled" that participation clause protects an employee regardless of the merit of his or her EEOC charge); Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1007 _______ ____________________________ (5th Cir. 1969) (fact that employee made false and malicious statements in his EEOC charge is irrelevant). However, a claim concerning the opposition clause requires that the employee have a reasonable belief that the practice the employee is opposing violates Title VII. See Sias, 588 F.2d ___ ____ at 696; Bigge v. Albertsons, Inc., 894 F.2d 1497, 1501 (11th _____ ________________ -5- Cir. 1990) (employee needs to show, in a case involving the opposition clause, that "he opposed an unlawful employment practice which he reasonably believed had occurred or was occurring"). Nonetheless, the requirements of a prima facie case for either clause are the same. That is, appellant "must show by a preponderance of the evidence that: (1) [he] engaged in a protected activity as an employee, (2) [he] was subsequently discharged from employment, and (3) there was a causal connection between the protected activity and the discharge." Hoeppner v. Crotched Mountain Rehabilitation ________ __________________________________ Ctr. Inc., No. 93-2201, slip op. at 9 (1st Cir. August 3, _________ 1994). In addition to discharges, other adverse actions are covered by 2000e-3(a). See Employment Discrimination ___ __________________________ 87.20, at 17-101 to 17-107 (listing employer actions such as demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative job evaluations and toleration of harassment by other employees). Construing appellant's complaint liberally, see ___ Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), we ______ ______ think that it satisfies the first two requirements -- he filed charges with the MCAD and subsequently was fired. As other adverse actions, appellant alleges that he was denied a promotion at the Boston Latin Academy, he received negative performance evaluations, he was transferred to Madison Park -6- High School and, as a senior teacher there, was not given a choice concerning what class he was to teach. The question, then, is whether under Conley v. ______ Gibson, 355 U.S. 41, 45-46 (1957), appellant could "prove no ______ set of facts" which would establish a causal link between his complaints and the alleged adverse actions. One way of showing causation is by establishing that the employer's knowledge of the protected activity was close in time to the employer's adverse action. See Larson & Larson, supra, ___ _____ 87.31, at 17-116 to 17-117; see also Shirley v. Chrysler ___ ____ _______ ________ First, Inc., 970 F.2d 39, 42-43 (5th Cir. 1992) (two month ____________ period from EEOC's dismissal of plaintiff's complaint and her termination from her job shows a nexus); Holland v. Jefferson _______ _________ Nat'l Life Ins. Co., 883 F.2d 1307, 1314 (7th Cir. 1989) _____________________ (sufficient link where supervisor first told employee her job would be kept open for her while she was on maternity leave, but changed his mind "shortly after" employee complained of sexual harassment). Here, the district court went directly to the second step in a Title VII case -- whether the employer had cause for its adverse actions. It is impossible to tell from the court's cryptic order whether it addressed the question of a prima facie case. Although not entirely clear, the sequence of the relevant events in this case reveals that appellant's complaints and the allegedly adverse actions -7- occurred almost simultaneously during the relevant time period. Thus, the face of the complaint arguably shows a connection -- the third requirement of a prima facie case. While an employer might have reasons to discharge an employee, it cannot discharge the employee for an improper reason such as retaliation. Because appellant states a claim just by making a prima facie case, we cannot say that "it appears beyond doubt that [appellant] can prove no set of facts in support of" his case. Finally, even assuming that appellant's complaint demonstrates that there was cause for his alleged demotions and dismissal, appellant must be given a "fair opportunity" to show that appellees' reasons for their actions were pretexts. See McDonnell Douglas Corp. v. ___ _______________________ Green, 411 U.S. 792, 804 (1973). In so finding, we express _____ absolutely no opinion as to the substantive merits of the complaints. The judgments in both cases are vacated and the _______ cases are remanded for further proceedings consistent with ________ this opinion. We note that we are remanding the second action because the dismissal of that complaint was based on its similarity to the first complaint. We do not consider appellant's arguments concerning the FBI's alleged connections with the district court judge because they have been raised for the first time on appeal. Finally, we deny ____ appellant's motion for oral argument as moot. -8- So ordered. __________ -9-