Cooper v. Postmaster General          CV-97-335-B    09/16/98   P

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>James R. Cooper</u>

   v.                                Civil No. 97-335-B

<u>Postmaster General</u>


<u>O R D E R</u>

The primary issue presented by this motion for summary judgment is whether the plaintiff, James Cooper, has produced sufficient evidence in response to the defendant's motion for summary judgment to permit a reasonable factfinder to conclude that he was the victim of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16. Because I hold that he has not, I grant defendant's motion.


**I.**

Cooper was employed as a supervisory trainee at the Concord, New Hampshire, Post Office. In May 1995, Cooper spoke with Andre Saxby, President of the Concord Letter Carriers' Union. Saxby allegedly made several critical comments of a sexual nature during the conversation concerning another supervisory trainee, Kathy Hayes. Cooper told Hayes of Saxby's comments approximately two months later. He also at some point discussed the comments with Saxby in the presence of a union representative. The

parties disagree about whether Cooper reported the comments to his supervisor, Paul Cathcart, or whether Cathcart learned of the comments from Hayes.  Cathcart later directed an employee assigned to the Post Office's Equal Employment Opportunity Office to investigate the matter.  However, the investigation concluded without the Post Office taking disciplinary action against either Cooper or Saxby.

Cooper was offered a supervisory position at the Lebanon, New Hampshire, Post Office in November 1995.  Shortly after the offer was extended, however, it was withdrawn.  Both sides agree that Joseph Collins, who then served as District Manager for Post Office Operations, caused the offer to be withdrawn.  Collins claims that he prevented Cooper from obtaining the promotion because Cooper had failed to inform his supervisor of Saxby's statements and instead had

> "acted inappropriately by repeating the off-color remarks of Saxby to Hayes and the other employee.  His actions did not show me that he was ready to take on the responsibilities of being a supervisor at the Lebanon facility.  Although he may have had certain technical skills, he demonstrated a lack of judgment or "people skills" in how he handled Saxby's remarks."

Cooper filed an EEOC complaint On November 21, 1995, alleging he was denied the Lebanon job in retaliation for opposing Saxby's comments.  Cooper later was promoted to the position of acting supervisor in the Laconia Post Office.  He alleges, however, that when the Laconia Postmaster returned to work after an absence of several months, she became "highly

critical" of his performance without sufficient justification. He further alleges that she "created such a hostile and abusive work environment" that Cooper was forced to resign from his supervisor's job and return to his prior position as a letter carrier. He asserts that the Laconia Postmaster forced him from his job because he had filed the EEOC complaint.

## II.

Cooper claims that the defendant violated Title VII's anti-retaliation provisions both when Collins deprived him of his supervisor's job at the Lebanon Post Office, and when the Laconia Postmaster allegedly forced him to abandon his position in Laconia. The Postmaster General argues in a motion for summary judgment that Cooper has failed to produce sufficient evidence with respect to either claim to survive a motion for summary judgment. I examine the evidentiary sufficiency of each claim using the now familiar summary judgment standard. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); accord Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).

### A.    The Lebanon Job

The Postmaster General contends that Cooper was not given the Lebanon job because one of his supervisors concluded he was unqualified. He bases this argument on Collins's affidavit. Cooper responds in two ways. First, he contends that the

affidavit constitutes direct evidence of unlawful retaliation which, by itself, is sufficient to justify the denial of defendant's motion. Second, he argues in the alternative that Collins's explanation is a mere pretext concealing retaliatory motivations. I address each argument in turn.

## 1.    The Direct Evidence Claim

If Cooper were able to produce direct evidence to support his claim that he lost the Lebanon job because of unlawful retaliation, his claim based on the denial of the Lebanon job would survive defendant's summary judgment motion. See Smith v. F.W. Morse & Co., Inc., 76 F.3d 413, 421 (1st Cir. 1996); Smith v. Brown, 978 F. Supp. 806, 811 (N.D. Ill. 1997). As I explain below, however, Cooper has failed to produce any direct evidence of unlawful retaliation.

Title VII provides in pertinent part that:

> "[I]t shall be an unlawful employment practice for an employer to discriminate against one of his employees . . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42 U.S.C. § 2000e-3(a). Relying on this section, Cooper claims that Collins's affidavit qualifies as an admission that he prevented Cooper from obtaining the Lebanon job because Cooper

-4-

had "opposed" Saxby's discriminatory comments.[1]  This argument cannot succeed for two reasons.  First, the affidavit will not support a conclusion that Cooper was punished for opposing

[1]  Title VII also prohibits an employer from retaliating against an employee because the employee "participated" in a Title VII investigation.  Cooper does not argue that Collins's affidavit constitutes direct evidence of a violation of Title VII's participation clause.

Saxby's allegedly discriminatory statements. Even if the affidavit is construed in the light most favorable to Cooper, it alleges that Cooper was denied his promotion, not because he had opposed unlawful discrimination, but rather because he had failed to report Saxby's discriminatory statements and instead had repeated them to Hayes and another unnamed postal employee. Title VII's opposition clause simply does not protect an employee from adverse employment action based upon a failure to properly report evidence of discrimination. See Hochstadt v. Worcester Foundation for Experimental Biology, 545 F.2d 222, 229-34 (1st Cir. 1976); Hazel v. United States Postmaster General, 7 F.3d 1, 4 (1st Cir. 1993); see also Larson, Employment Discrimination, § 34.03 (noting that courts have interpreted Hochstadt as requiring the court to assess the reasonableness of the conduct for which the employee is seeking protection). Thus, rather than constituting direct evidence of retaliation, Collins's affidavit serves as direct evidence of a legitimate non-discriminatory reason for his decision.

Collins's affidavit also fails to qualify as direct evidence of unlawful retaliation because a reasonable person in Cooper's position could not have believed that the conduct he was seeking to oppose violated Title VII. The First Circuit has held that when an employee seeks to base a retaliation claim on Title VII's opposition clause, the employee must have had a reasonable belief

that the conduct he was seeking to oppose violated Title VII. Wyatt v. Boston, 35 F.3d 13, 15 (1st Cir. 1994). Applying a similar standard, the 11th Circuit recently ruled that an employee's opposition to a co-worker's individual act of discrimination "does not fall within the protection of [Title VII]." Little v. United Technologies, Carrier Transicold Division, 103 F.3d 956, 959 (11th Cir. 1997) (quoting Silver v. KCA, Inc., 586 F.2d 138 (9th Cir. 1978)); see also Evans v. Kansas City, School District, 65 F.3d 98, 100-01 (8th Cir. 1995) (opposition clause requires reasonable belief that conduct employee opposes violates Title VII). The conduct Cooper claims he was seeking to oppose in this case, like the conduct at issue in Little, consisted of isolated statements by a single non-supervisory co-worker. No reasonable person could conclude that such comments could support a Title VII claim against the Postmaster General. Therefore, Cooper's alleged effort to oppose Saxby's statements is not protected by Title VII's opposition clause. Accordingly, Cooper cannot claim that Collins's affidavit constitutes direct evidence of unlawful retaliation even if he was punished for attempting to oppose Saxby's remarks.

## 2. Circumstantial Evidence

Retaliation claims based upon circumstantial evidence are governed by the test developed in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). As the First Circuit recently

explained the test,

> "first, the plaintiff must come forward with a prima facie showing of retaliation. The burden of production then shifts to the defendant, who must articulate a legitimate non-discriminatory reason for the adverse employment action. The production of such a non-discriminatory reason dispels the presumption of improper discrimination generated by the prima facie showing of discrimination. The plaintiff then must show that the proffered reason is actually a pretext for retaliation."

King v. Hanover, 116 F.3d 965, 968 (1st Cir. 1997) (citations omitted). I have already determined that the Postmaster General offered evidence of a legitimate non-discriminatory reason justifying the decision to deny Cooper his promotion. Thus, even if I assume for purposes of analysis that Cooper has established his prima facie case, his claim cannot survive defendant's summary judgment challenge unless the evidence is sufficiently strong to permit a reasonable factfinder to conclude that Collins's explanation is a mere pretext concealing unlawful retaliation.

Cooper has produced evidence that he was denied the Lebanon job after reporting Saxby's comments. He also has offered evidence suggesting that Collins acted after receiving a complaint about Cooper from the president of the Letter Carriers' Union and after speaking with another Post Office supervisor who was known to be sympathetic to union interests. Finally, he has offered evidence suggesting that Collins may not have been accurate when he claimed that Cooper had failed to report Saxby's

-8-

comments to his supervisor. According to Cooper, this evidence demonstrates that Collins's true motivation was to assist the union in punishing Cooper either for opposing unlawful discrimination or for participating in the subsequent EEOC investigation.[2] Again, I disagree.

Whatever motivated the union to complain about Cooper, the evidence he cites simply will not support a reasonable conclusion that Collins was motivated by a desire to punish Cooper for either reporting Saxby's comments, or for participating in the investigation that followed. Mere speculation will not substitute for evidence when it comes to proof of an improper motivation. See, e.g., DeNovellis v. Kelly, 135 F.3d 58, 65 (1st Cir. 1998); Randlett v. Shalala, 118 F.3d 857, 862 (1st Cir. 1997); Fennell v. First Step Designs, 83 F.3d 526, 535-36 (1st Cir. 1996). Accordingly, defendant is entitled to summary judgment with respect to Cooper's claim based upon his failure to obtain the Lebanon job.

B.  **The Laconia Job**

I previously rejected defendant's motion to dismiss Cooper's claim concerning the Laconia job based upon his alleged failure to exhaust administrative remedies. In doing so, I relied on a

---

[2] I assume for purposes of analysis that the investigation conducted by the EEOC officer qualifies as an "investigation, proceeding, or hearing under this subchapter" as that phrase is used in 42 U.S.C.A. § 2000e-3(a).

decision of the Fourth Circuit Court of Appeals concluding that "all circuit courts that have addressed the question have held that an ancillary retaliation claim arising after the filing of an EEOC complaint need not be separately exhausted." Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). Defendant, citing a decision by the First Circuit Court of Appeals that he previously neglected to bring to my attention, asks me to reconsider my ruling.

In Johnson v. General Electric, 840 F.2d 132, 139 (1st Cir. 1988), the court considered whether an ancillary retaliation claim that the plaintiff had failed to present to the EEOC could be litigated in a subsequent court action. In dismissing the retaliation claim, the court reasoned:

> No claim may be brought in federal court unless the prerequisite of administrative investigation has first been met. A complaint related to that brought before the EEOC, but which was not itself made the subject of a separate EEOC complaint, must reasonably be expected to ... have been within the scope of the EEOC's investigation in order to meet the jurisdictional prerequisite. The retaliation claim here could not have been expected to be a part of the scope of the EEOC's investigation growing out of the [plaintiff's] earlier complaints because plaintiff has not alleged that he ever informed the EEOC of the alleged retaliation.

Id. at 139; see also Borase v. M/A-Com, Inc., 906 F. Supp. 65, 66-67 (D. Mass. 1995). In this case, Cooper has not produced any evidence suggesting that he informed the EEOC of the Laconia

-10-

complaint while his original complaint was under investigation. Under these circumstances, I cannot exercise jurisdiction over his ancillary retaliation claim.  Accordingly, I reconsider my prior ruling and dismiss Cooper's claim based on his loss of the Laconia job.

For the above-stated reasons, the defendant's motion for summary judgment (document no. 8) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

September 15, 1998

cc:     Eleanor MacLellan, Esq.
        Thomas Kanwit, Esq.