Frank Cepero RIVERA,
et al., Plaintiff(s)

v.

Fernando E. FAGUNDO,
et al., Defendant(s).

Civil No. 02–1999(JAG).

United States District Court,
D. Puerto Rico.

Jan. 29, 2004.

Fredeswin Perez–Caballero, Santurce, PR, Jesus M. Hernandez–Sanchez, Raul Barrera–Morales, Hernandez–Sanchez Law Firm, San Juan, PR, for Plaintiffs.

. Beatriz Annexy–Guevara, Ineabelle Santiago–Camacho, Reichard & Escalera, Mariana Negron–Vargas, Commonwealth Department of Justice, Federal Litigation Division, Teresa M. Seda–Ramos, Sanchez Betances & Sifre, P.S.C., Zuleika Llovet–Zurinaga, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On June 27, 2002, Frank Cepero–Rivera ("Cepero–Rivera") and his daughter Jennifer Cepero–Salgado ("Cepero–Salgado")(collectively "plaintiffs") brought suit against the Puerto Rico Highway Authority ("PRHA"); Jose Izquierdo Encarnacion ("Izquierdo"), Secretary of the Department of Transportation and Public Works; Fernando E. Fagundo ("Fagundo"), Executive Director of the PRHA; Harry Diaz

Vega ("Diaz"), Area Director for PRHA's Human Resources Department; Roberto Santiago Cancel ("Santiago"), Auxiliary Director of PRHA's Human Resources Department; Eric Ramirez Nazario ("Ramirez"), Samuel de la Rosa ("De La Rosa"), and William Vega ("Vega"), all three members of PRHA's Appeals Committee; and Howard Phillip Figueroa ("Phillip"), Auxiliary Administrative Officer of the PRHA (collectively "defendants"), alleging political discrimination and violations of his constitutional rights pursuant to 42 U.S.C. §§ 1983 & 1985, as well as supplemental state law claims. (Docket Nos. 1, 13). On February 11, 2003, plaintiffs moved for partial summary judgment, alleging due process violations. (Docket No. 18). On June 23, 2003, Ramirez, De La Rosa, and Vega moved for dismissal of plaintiffs' claims against them pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 41). On October 21, 2003, defendants moved for summary judgment, seeking dismissal of plaintiffs' claims. (Docket No. 48). For the reasons discussed below, the Court hereby **DENIES** plaintiffs' motion for partial summary judgment (Docket No. 18); **GRANTS** Ramirez's, De La Rosa's, and Vega's motion to dismiss (Docket No. 41); and **GRANTS** defendants' motion for summary judgment (Docket No. 48). Furthermore, the Court *sua sponte* dismisses all claims against Diaz, Santiago, and Phillip for failure to state a claim.

### FACTUAL BACKGROUND[1]

Cepero–Rivera is a member of the New Progressive Party ("NPP"). All defendants are members of the Popular Democratic Party ("PDP"), which took over the Government of Puerto Rico following the 2000 elections. Cepero–Rivera was a career employee with the PRHA, where he held the position of Director of Labor Affairs since September 5, 1995. Diaz, PRHA's Director of the Human Resources Department supervised Cepero–Rivera's work as Director of Labor Affairs.

On September 24, 2001, Cepero–Rivera sent a letter to Fagundo requesting a salary increase pursuant to PRHA's regulations[2] and alleging gender and age-based discrimination. In that letter, Cepero–Rivera stated that he possessed a list of the salaries and fringe benefits of several recently-appointed female employees, and claimed that the salary raises given to those female employees at the recruitment level violated the merit principle established in PRHA's Personnel Handbook. Furthermore, Cepero–Rivera stated that he was not an activist for any political party.

On January 2, 2002, Fagundo sent Cepero–Rivera a letter denying his request for a salary raise inasmuch as he had received six pay-raises in as many years in the PRHA. Fagundo further informed Cepero–Rivera that he had ordered the legal department to investigate possible violations of the Puerto Rico Penal Code and several articles of PRHA's Disciplinary Measures Handbook stemming from Cepero–Rivera's involvement in several incidents with other PRHA employees and his admitted possession of other employees' confidential information. The letter also informed Cepero–Rivera of Fagundo's intentions to file disciplinary measures, which could result in dismissal, and that an informal hearing was to be held on January 18, 2002. The January 2, 2002 letter

---

1. The Court culls the relevant facts from plaintiffs' and defendants' statements of uncontested facts. (Docket Nos. 18 & 48).

2. PRHA's regulations require that employees who have not received a pay-raise equivalent to one step in the pay-scale in the preceding five years, receive a pay-raise equivalent to one step.

was Cepero–Rivera's first notice of defendants' intentions to take disciplinary measures against him.

On January 10, 2002, Cepero–Rivera sent a letter to Fagundo requesting a specification of facts and additional information regarding the imputations as well as requesting a continuance of the informal hearing. Cepero–Rivera's request was never answered by defendants. On January 17, 2002, Cepero–Rivera sent Fagundo a hand-written note where he submitted his appearance to the informal hearing in writing. On February 22, 2002, Cepero–Rivera received a letter terminating his employment with the PRHA effective immediately.

## DISCUSSION

### A. Motion to Dismiss Standard.

Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### B. Summary Judgment Standard

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52. (1st Cir.2000). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." *See* Fed. R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the Court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested

facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

## C. *Defendants' Motion to Dismiss*

Defendants Ramirez, De La Rosa, and Vega move the Court to dismiss the claims against them because plaintiffs have failed to provide factual allegations of their personal involvement in the alleged deprivation of Cepero–Rivera's federally-protected rights or that they acted under color of law. The Court agrees.

■ To prevail in a § 1983 claim, plaintiffs bear the burden of showing that the defendants, acting under color of state law, deprived them of their federal constitution-

al rights, privileges, or immunities. *See, e.g., Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir.1996). It is well-established that political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns*, 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Padilla–Garcia v. Rodriguez*, 212 F.3d 69, 74 (1st Cir.2000).

■ Accordingly, Cepero–Rivera must establish a *prima facie* case of political discrimination by demonstrating: 1) that he engaged in constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting him. *See Mt. Healthy City Sch. Dist. Bd. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Padilla–Garcia*, 212 F.3d at 74. To meet this burden, Cepero–Rivera must show that there is a causal connection linking defendants' conduct to their political beliefs. *See LaRou v. Ridlon*, 98 F.3d 659, 662 (1st Cir.1996). Circumstantial evidence may be sufficient to support a finding of political discrimination. *Estrada–Izquierdo v. Aponte–Roque*, 850 F.2d 10, 14 (1st Cir.1988); *Kercado–Melendez v. Aponte–Roque*, 829 F.2d 255, 264 (1st Cir.1987); *Martinez Catala v. Guzman Cardona*, 971 F.Supp. 641, 648–9 (D.P.R.1997). Cepero–Rivera, nonetheless, must make a fact-specific showing that a causal connection exists between the adverse treatment and his political affiliation. *Aviles–Martinez v. Monroig*, 963 F.2d 2, 5 (1st Cir.1992); *Correa–Martinez*, 903 F.2d at 58.

Ramirez, De La Rosa, and Vega are members of PRHA's Appeals Committee, which is to hear the administrative complaints Cepero–Rivera filed as a result of the actions taken against him.[3] To date,

---

3. Cepero–Rivera filed administrative complaints on January 11, 2002 and March 6,

2002. In them, he claims that the actions taken against him were due to his political

the only actions taken on the administrative complaints are (1) attempts by Cepero–Rivera to consolidate both complaints, which were denied; (2) a request by the PRHA for Cepero–Rivera's counsel to withdraw, because of conflict of interest issues; (3) a request by Cepero–Rivera to stay the administrative proceedings pending resolution of this case; and (4) a hearing called by Ramirez for the sole purpose of recusing himself from both complaints because he appeared as a defendant in this case. Thus, defendants argue, Ramirez, De La Rosa, and Vega have not taken any action adverse to plaintiff, nor did they have anything to do with Fagundo's and PRHA's decision to terminate Cepero–Rivera from his employment.

Cepero–Rivera counters the argument by stating that these defendants *"will* deprive him of his rights . . . and his due process rights *will* be violated by defendants' [sic] . . . who will entertain a sham appeal hearing in violation of plaintiff's rights . . . ." (Docket No. 47 at 6)(emphasis added). In other words, Cepero–Rivera is suing Ramirez, De La Rosa, and Vega for the course of action that he believes they might undertake, and that in so doing they will violate his rights because of his political affiliation. The theory seems to be that because these defendants also belong to the PDP, they will continue a pattern of discrimination against Cepero–Rivera and "are ready to rubber stamp the decision of co-defendant Fagundo." [4] (*Id.* at 5).

 The fact remains, however, that these defendants have not at this time taken any adverse actions against Cepero–Rivera, nor is there any evidence linking them to Fagundo's decision to terminate plaintiff's employment. Mere speculation as to defendants' possible future conduct is insufficient to establish a *prima facie* case of political discrimination. A plaintiff must demonstrate that each defendant was personally and directly involved in the violation of his federally protected rights. *See Medina Perez v. Fajardo*, 257 F.Supp.2d 467, 473 (D.P.R.2003)(*citing Caraballo Cordero v. Banco Financiero De Puerto Rico*, 91 F.Supp.2d 484, 489 (D.P.R.2000); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989)). Therefore, plaintiffs' claims against Ramirez, De La Rosa, and Vega must be dismissed.

### D. *Plaintiffs' Motion for Partial Summary Judgment*

Cepero–Rivera moves the Court for the entry of a partial summary judgment declaring that his dismissal was illegal and ordering defendants to reinstate him to his former position immediately and to award him back pay since the day of his termination. In support of his request, Cepero–Rivera argues that he was terminated in violation of his due process rights insofar as (1) the alleged allegations against him were time-barred; (2) PRHA did not follow the proper investigation procedures when imposing the disciplinary measures; and (3) he was not given an informal hearing prior to his termination.

Cepero–Rivera's due process claims are independent from his First Amendment claims, since the inquiries governing each are distinct. *See Acosta–Orozco v. Rodriguez–De–Rivera*, 132 F.3d 97, 104 (1st Cir. 1997); *Arizmendi–Corales v. Rivera*, 176 F.Supp.2d 114, 120 (D.P.R.2001)(*citing Santiago–Negron v. Castro–Davila*, 865 F.2d 431, 436 (1st Cir.1989))("there is a distinct difference between a municipal employee's right to a due process hearing on termination and the employee's first

---

affiliation, his age, his gender, and as a retaliatory measure.

4. The fact that Ramirez recused himself from any consideration of Cepero–Rivera's complaints betrays his contention.

amendment right to be free from political speech and association").

■ The Due Process Clause guarantees public employees the right to a pre-termination hearing. *See, e.g., Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). As a prerequisite to a due process claim, however, Cepero–Rivera must have a constitutionally cognizable property or liberty interest. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Correa–Martinez,* 903 F.2d at 53 (*citing Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). Under Puerto Rico law, a career position is a constitutionally protected property interest. *See Kauffman v. Puerto Rico Tel. Co.,* 841 F.2d 1169, 1173 (1st Cir.1988).

■ An employee with a protected property interest in his employment is entitled, at a minimum, to "oral and written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Pouliot v. Town of Fairfield,* 184 F.Supp.2d 38, 48 (D.Me.2002) (*citing Cleveland Bd. Of Educ.,* 470 U.S. at 546, 105 S.Ct. 1487). The opportunity to respond must be meaningful. *Id.* (*citing Armstrong v. Manzo,* 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62). The pre-termination hearing need not be elaborate as long as it offers the essential requirements of due process, namely, notice and an opportunity to respond. *O'Neill v. Baker,* 210 F.3d 41, 48 (1st Cir.2000); *Cotnoir v. University of Maine,* 35 F.3d 6, 10 (1st Cir.1994). "All that is required of the pre-termination hearing is that the hearing determine whether 'there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.'" *Roberts v. Las Vegas Valley Water Dist.,* 849 F.Supp. 1393, 1398 (D.Nev.1994)(*quoting Cleveland Bd. Of Educ.,* 470 U.S. at 546, 105 S.Ct. 1487).

"It is by now well established that 'due process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Gilbert v. Homar,* 520 U.S. 924, 930, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997)(*quoting Cafeteria & Restaurant Workers v. McElroy,* 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Id.* (*quoting Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

■ It is uncontroverted that Cepero–Rivera's former position in the PRHA is a career position. Accordingly, due process requires that the PRHA afford him a pre-termination hearing. In order to resolve his due process claims, what the Court must determine is whether, within the framework of the specific facts of this case, Cepero–Rivera was afforded sufficient notice of the charges against him and an opportunity to respond.

The letter of January 2, 2002 informed Cepero–Rivera (1) that Fagundo had ordered an investigation into the former's allegations of gender-based discrimination and found them to be without merit; (2) that he was under investigation for possible violations to the PRHA's rules of conduct and disciplinary measures because he had used for personal benefit and made public certain confidential documents from personnel files and had engaged in acts of insubordination; (3) that Fagundo intended to file charges against him for those violations, which could result in the termination of his employment; (4) that he had a right to a pre-termination hearing; (5) and that an informal hearing would take place on January 18, 2002 in the Office of the Legal Counsel's library where he could

present his version of the facts and show cause why disciplinary measures should not be instituted against him.[5]

On January 10, 2002, Cepero–Rivera addressed a letter to Fagundo requesting a specification of the facts supporting the alleged violations and a continuance of the hearing until his request had been granted. This request was never addressed by defendants. Nevertheless, the Court finds that Cepero–Rivera was afforded due process prior to termination.

Fagundo's letter, properly informed Cepero–Rivera that the underlying conduct for the alleged violations was his attachment of confidential documents belonging to Phillip's personnel file and that, by his own admission, he now possessed a list of certain female employees with their salaries and fringe benefits. Furthermore, the letter informed him that even though he had been admonished on several occasions for not recognizing the authority of Santiago as his immediate supervisor, he still refused to do so. This information was sufficient to provide Cepero–Rivera with proper notice of the bases for the charges against him and his request for a specification of facts was unwarranted and unnecessary.

Accordingly, the Court finds that defendants' failure to continue the informal hearing set for January 18, 2002 did not violate Cepero–Rivera's due process rights. Cepero–Rivera has failed to demonstrate that he suffered any prejudice because the hearing was not continued. Furthermore, Cepero–Rivera did submit his appearance to the hearing in writing, thus having an opportunity to present his version of the facts and to defend himself against the charges. That is all that due process requires.

Cepero–Rivera further argues that his due process rights were violated because the charges against him were time-barred and because the PRHA's procedures were not followed. First, "[a] failure to follow internal administrative termination procedures is not in and of itself a due process violation." *Roberts*, 849 F.Supp. at 1397 (*citing Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994) (adopting the First Circuit's reasoning in *Rogers v. Okin*, 738 F.2d 1, 8 (1st Cir.1984), that "if state procedures rise above the floor set by the due process clause, a state could fail to follow its own procedures yet still provide sufficient process to survive constitutional scrutiny")). Lastly, whether or not the charges against Cepero–Rivera were time-barred is more appropriately a defense he could raise within the administrative procedures, which presumably will resume following dismissal of this action, rather than a due process claim. Accordingly, the Court declines to enter into that determination. Therefore, Cepero–Rivera has failed to establish a violation of his due process rights and his motion for partial summary judgment must be denied.

E. *Defendants' Motion for Summary Judgment*

In their motion for summary judgment, defendants argue that the complaint must be dismissed because (1) PRHA has established a valid "but for" defense for plaintiff's dismissal; (2) plaintiff's due process was guaranteed; and (3) plaintiff cannot demonstrate that defendants' actions have severely compromised his First Amendment rights.

As discussed above, in order to establish a *prima facie* case of political discrimination, Cepero–Rivera must demonstrate

---

5. Although the letter did not inform Cepero–Rivera of the exact time the hearing would take place, the Court finds that this information could be easily obtained and that the omission does not infringe upon the notice requirement.

that defendants, acting under color of state law, deprived him of his Constitutional rights. *See Romero–Barcelo*, 75 F.3d at 32. Moreover, he must demonstrate that each defendant was personally and directly involved in the violation of his federally protected rights. *See Medina Perez*, 257 F.Supp.2d at 473. The burden then shifts to defendants to "show that the decision would have been the same even in the absence of the protected conduct." *Aviles Martinez*, 963 F.2d at 5 (*citing Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. 568). "In a political discrimination case, the plaintiff may discredit the proffered non-discriminatory reason, either circumstantially or directly, by adducing evidence that discrimination was more likely than not a motivating factor." *Padilla Garcia*, 212 F.3d at 77.

■ At the outset, the Court finds that Cepero–Rivera has failed to establish a *prima facie* case against Diaz, Santiago, and Phillip by failing to demonstrate that they were personally and directly involved in the alleged violation of his rights. His claim against them is a general and unsubstantiated "conspiracy theory" that they all conspired with Fagundo to provoke Cepero–Rivera into confrontations in order to justify his dismissal. Without any proof to support these claims, not even circumstantial evidence, a *sua sponte* dismissal for failure to state a claim against these defendants seems in order, even when they failed to argue for dismissal on this ground. Although disfavored, "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." *See Gonzalez–Gonzalez v. U.S.*, 257 F.3d 31, 37 (1st Cir.2001)(*citing Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir.2001); *Wyatt v. City of Boston*, 35 F.3d 13, 15 n. 1 (1st Cir.1994); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991); *Shockley v. Jones*, 823 F.2d 1068, 1072–73 (7th Cir.1987)).

■ In the case of Fagundo, however, all the elements of a *prima facie* case are present. Fagundo acted under color of state law, belongs to an opposing political party, is the one directly responsible for Cepero–Rivera's dismissal, and it is alleged that Cepero–Rivera's political affiliation was the basis for his actions. Fagundo proffers as a non-discriminatory reason for the dismissal that Cepero–Rivera had violated PRHA's rules and regulations.

Fagundo argues that Cepero–Rivera, claiming gender and age-based discrimination, based his petition for a salary increase on the salaries afforded to some female employees in the PRHA. Cepero–Rivera stated in his letter that he possessed a list of these female employees' salaries and fringe benefits to prove his point. Because of this statement, Fagundo had reason to believe that Cepero–Rivera had obtained privileged and confidential information from the personnel files in violation of PRHA regulations. Already Cepero–Rivera had allegedly used confidential employee information when he attached forty-eight (48) pages from Phillips' personnel file to a letter in response to a complaint to demonstrate that Phillips was mentally unstable. Furthermore, Cepero–Rivera had committed several acts of insubordination when he refused to recognize the appointment of Santiago as his direct supervisor.

In his opposition, Cepero–Rivera does not even attempt to deny the charges against him, but merely argues that they are time-barred. Furthermore, he rehashes his due process claims, assuming that his dismissal was illegal, and relies heavily upon the arguments presented in his motion for summary judgment, which the Court has found to lack merit. The only new contention is that he was not given the opportunity to explain that the list he refers to in his letter is an employee direc-

tory from which he can infer, by the title of the person's position, what the salary and benefits are. These arguments, however, simply fail to convince the Court that defendants' proffered nondiscriminatory reason is merely a pretext. Accordingly, plaintiffs have failed to meet their burden of demonstrating that discrimination was more likely than not the motivating factor behind the dismissal, *see Padilla–Garcia*, 212 F.3d at 77, and their political discrimination claims against Fagundo must also be dismissed.

Because no federal claims to ground jurisdiction remain in this case, plaintiffs' supplemental state law claims are hereby dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** plaintiffs' motion for partial summary judgment (Docket No. 18); **GRANTS** Ramirez's, De La Rosa's, and Vega's motion to dismiss (Docket No. 41); and **GRANTS** defendants' motion for summary judgment (Docket No. 48). Furthermore, the Court *sua sponte* dismisses all claims against Diaz, Santiago, and Phillip for failure to state a claim.

Accordingly, plaintiffs' § 1983 claims are hereby dismissed **with** prejudice. Plaintiffs' supplemental State law claims are dismissed **without** prejudice. Judgment shall enter accordingly.

IT IS SO ORDERED.