KEYLA ROSARIO TOLEDO ET ALS., querellantes y recurridos, *v.* DISTRIBUIDORA KIKUET, INC. ET ALS., querellados y peticionarios.

*Número:* CC-1998-388      *Resuelto:* 29 de diciembre de 2000

*José Manuel Arias Soto,* del *Bufete Aldarondo Girald,* abogado de la parte peticionaria; *Manuel Porro Vizcarra* y *José Luis Galarza García,* de *Manuel Porro Vizcarra Law Offices,* abogados de la parte recurrida.

# RESOLUCIÓN

A la Moción de Reconsideración presentada el 12 de julio de 2000, *no ha lugar.*

Reiteramos nuestro criterio establecido en *Rosario v. Dist. Kikuet, Inc.*, 151 D.P.R. 634 (2000). En virtud de la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155 *et seq.*), el hostigamiento sexual se ha conceptualizado en Puerto Rico como una modalidad del discrimen por razón de sexo. Por consiguiente, la Ley Núm. 17, *supra*, se promulgó al amparo de la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. secs. 146–151)(ley general de antidiscrimen) y de la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. secs. 1321–1341) (prohíbe el discrimen por razón de género). Estas leyes son de naturaleza indemnizatoria y constituyen parte de un esquema legislativo dirigido a implantar la política pública del Estado en contra del discrimen. *Suárez Ruiz v. Figueroa Colón*, 145 D.P.R. 142, 148–149 (1998). Además, establecen el concepto de responsabilidad patronal vicaria por los actos de discrimen de agentes, representantes o supervisores. Por su parte, en virtud del Título VII de la Ley de Derechos Civiles de 1964 (42 U.S.C. sec. 2000a *et seq.*) en Estados Unidos se ha formulado un cuerpo de reglas y jurisprudencia, estableciendo la responsabilidad patronal vicaria en los casos de discrimen. El concepto de responsabilidad patronal utilizado es de naturaleza vicaria cuando el hostigamiento es cometido por un agente o supervisor del patrono, independientemente de si los actos fueron autorizados, prohibidos o realizados sin el consentimiento del patrono. Ello es así, por cuanto el patrono es el responsable de establecer las normas de trabajo, de contratar y despedir al personal, disponer de todas las condiciones que rigen no sólo la seguridad en el lugar de empleo, sino las relaciones entre los trabajadores. Es responsabilidad del patrono, como figura que ejerce la mayor autoridad y el mayor control sobre el

lugar de trabajo, asegurarse que el lugar de empleo esté libre de riesgo para sus trabajadores y que éstos puedan trabajar en un ambiente de respeto y dignidad.[1] Es el patrono quien por ejercer el mayor control sobre los trabajadores, y por recibir los frutos de la labor colectiva, tiene que asegurar un ambiente de respeto y dignidad en el trabajo.

En cuanto a si un individuo puede ser responsable de hostigamiento sexual, en su carácter personal, existe un gran debate entre los diferentes circuitos federales. Muchos circuitos han establecido que bajo el Título VII de la Ley de Derechos Civiles de 1964 no existe una responsabilidad individual.[2] Otro número considerable de jurisdicciones ha resuelto lo contrario.[3] Los tribunales federales que se han negado a imponer responsabilidad individual bajo el Título VII, han razonado que el propósito de la disposición sobre la figura del *agente* es incorporar la responsabilidad patronal vicaria para que sea el patrono quien responda por los actos de sus supervisores. Ello es así, porque al estatuto limitar la responsabilidad a patronos con quince (15) o más empleados, se quiso excluir la responsabilidad individual.

Por su parte, los tribunales que han determinado que sí existe responsabilidad individual bajo el Título VII de la Ley de Derechos Civiles de 1964, se fundamentan principalmente en el hecho de que el hostigamiento sexual es un

---

[1] Informe de la Comisión Especial de Asuntos de la Mujer del Senado sobre el P. del S. 1437 de 9 de marzo de 1988.

[2] Véanse: *Dici v. Com. of Pa.*, 91 F.3d 542 (3er Cir. 1996); *Haynes v. Williams*, 88 F.3d 898 (10mo Cir. 1996); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2do Cir. 1995); *U.S. E.E.O.C. v. AIC Security Investigations Ltd.*, 55 F.3d 1276 (7mo Cir. 1995); *Smith v. Lomax*, 45 F.3d 402 (11mo Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4to Cir. 1994); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9no Cir. 1993); *Busby v. City of Orlando*, 931 F.2d 764 (11mo Cir. 1991).

[3] Véanse: *Ball v. Renner*, 54 F.3d 664 (10mo Cir. 1995); *García v. Elf Atochem North America*, 28 F.3d 446 (5to Cir. 1994); *Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311 (11mo Cir. 1989); *Paroline v. Unisys Corp.*, 879 F.2d 100 (4to Cir. 1989); *Hall v. Gus Const. Co., Inc.*, 842 F.2d 1010 (8vo Cir. 1988); *Jones v. Continental Corp.*, 789 F.2d 1225 (6to Cir. 1986).

acto torticero, razón por la cual le aplican los principios generales de la figura del *agente*. Ello implica que tanto el agente como el patrono son responsables por dichos actos. Este curso decisorio encuentra apoyo en el hecho de que el Título VII define *patrono* como una persona involucrada en una industria que afecta el comercio y que tiene quince (15) o más empleados, y *cualquier agente de esa persona*. 42 U.S.C. sec. 2000e(b). Así también, algunos comentaristas entienden que en *Meritor Savings Bank v. Vinson*, 477 U.S. 57 (1986),[4] el Tribunal Supremo federal resolvió que los principios generales de *agencia* deben ser aplicados a los casos de hostigamiento sexual bajo el Título VII,[5] y que al analizar el lenguaje del Título VII se entiende que el Congreso tuvo la intención de que existiera la responsabilidad individual.[6]

Una interpretación que milita a favor de que exista la responsabilidad individual es que, del historial legislativo del Título VII de la Ley de Derechos Civiles de 1964, se desprende la intención del Congreso de erradicar el discrimen a nivel nacional, al aprobar una legislación que compense a las víctimas de discrimen y que opere como disuasivo.[7] Algunos tribunales federales han catalogado de inconcebible el que el Congreso, en virtud del Título VII, tuviera la intención de eximir de responsabilidad al causante directo del discrimen.[8] Además, la clasificación del *patrono como persona*, puede ser un indicador de que el Congreso quiso que tanto las personas como las organizaciones fueran responsables por el hostigamiento sexual. De

---

[4] En este caso, la demandante incluyó tanto al patrono, como al supervisor en su carácter personal en su demanda bajo el Título VII. No obstante, el caso no fue revisado por ese fundamento, por lo cual ese asunto no fue discutido específicamente.

[5] E.R. Koller Whittenbury, *Individual Liability for Sexual Harassment Under Federal Law*, 14 Lab. Law. 357, 359 (1998).

[6] Koller Whittenbury, *supra*, págs. 359–360.

[7] Koller Whittenbury, *supra*, págs. 360–361.

[8] Véase *Robinson v. Jacksonville Shipyards, Inc.*, 760 F. Supp. 1486, 1527 (M.D.Fla.1991), citando a *Dague v. Riverdale Athletic Ass'n*, 99 F.R.D. 325, 327 (1983).

lo contrario, el Congreso hubiera definido al patrono como *una entidad con quince (15) empleados o más.*[9]

Cabe señalar que la Corte de Distrito federal para el Distrito de Puerto Rico ha resuelto que, a tenor de las Leyes Núms. 69 y 17, *supra,* no existe una causa de acción en contra de un demandado en su capacidad individual.[10] Se fundamenta en un análisis *in pari materia* de la Ley Núm. 100, *supra,* en la cual no existe una causa de acción individual, conforme a la definición de patrono allí provista.[11] Sin embargo, la Corte de Apelaciones de Estados Unidos para el Primer Circuito, no ha resuelto esta controversia.

El segundo inciso del Art. 2 de la Ley Núm. 17 (29 L.P.R.A. sec. 155a(2)) define *patrono* como toda persona natural o jurídica de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluida cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, entre otros, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación *y sus agentes y supervisores.* Como vemos, está presente la figura del *agente* al igual que en el Título VII de la Ley de Derechos Civiles de 1964.

Mediante la Ley Núm. 17, *supra,* se establece la política pública de prohibir el hostigamiento sexual en el empleo. A esos fines, se crea una responsabilidad para el patrono por los actos cometidos por sus agentes y supervisores. No obstante, ello no es óbice para que la parte actora responda civilmente por dichos actos. Sobre el particular, el Art. 11 de la Ley Núm. 17 dispone:

> *Toda persona* responsable de hostigamiento sexual en el empleo, según se define en las secs. 155 a 155*l* de este título, incurrirá en responsabilidad civil:

---

[9] Koller Whittenbury, *supra,* págs. 361–362.

[10] *Matos Ortiz v. Com. of Puerto Rico,* 103 F. Supp.2d 59 (D. P.R. 2000); *Canabal v. Aramark, Corp.,* 48 F. Supp.2d 94 (D. P.R. 1999).

[11] *Santiago v. Lloyd,* 33 F. Supp.2d 99, 104–105 (D. P.R. 1998); *Figueroa v. Mateco,* 939 F. Supp. 106, 107 (D. P.R. 1996).

(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o aspirante de empleo, o

(2) por una suma no menor de tres mil (3,000) dólares a discreción del tribunal, en aquellos casos en que no se pudieren determinar daños pecuniarios.

En la sentencia que se dicte en acciones civiles interpuestas bajo las precedentes disposiciones, el tribunal podrá ordenar al patrono que emplee, promueva o reponga en su empleo al empleado y que cese y desista del acto de que se trate. (Énfasis suplido.) 29 L.P.R.A. sec. 155j.

A su vez, el inciso (3) del referido Art. 2 dispone que *persona* significa "persona natural o jurídica". 29 L.P.R.A. sec. 155a(3). Es decir, bajo ambos incisos del Art. 2, cualquier persona que sea responsable de hostigamiento sexual en el empleo, incurrirá en la responsabilidad civil que dispone el Art. 11 de la Ley Núm. 17, *supra*. Esta intención legislativa se colige luego de un estudio del historial legislativo de la Ley Núm. 17, *supra*. Veamos.

En los debates de la Cámara, la Representante Hernández Torres, argumentando en relación con el alcance de este artículo, expresó: "[p]orque aquí se ha querido dar a entender que la persona que lleva el caso de hostigamiento sexual meramente con ir al tribunal y señalar que ha sido hostigada sexualmente con eso es suficiente para que el *tribunal le imponga una sanción a quien supuestamente la hostiga y al patrono de esa persona que supuestamente la hostiga."* (Énfasis suplido.) De igual forma, en la página 74, la Representante Vélez de Acevedo expresó que con esta medida no sólo se pretendía prohibir el hostigamiento sexual en el empleo, sino que "le estamos dando las armas para defenderse a los que son hostigados y al hostigador, o el que pretenda ser hostigador, un foro en el cual dilucidar su situación".

Así, también, en una comparecencia del Secretario de Justicia ante el Senado de 10 de marzo de 1988 se argumenta que, al amparo de la Ley de Derechos Civiles de 1964 de Estados Unidos, en determinadas circunstancias, responde civilmente tanto la persona que produce el hosti-

gamiento sexual como el supervisor y patrono. Estas expresiones se pueden entender avaladas por el caso *Meritor Savings Bank v. Vinson*, supra.

Por lo tanto, conforme a lo resuelto por este Tribunal en la Opinión de la cual se solicita reconsideración, la aplicación del Art. 11 de la Ley Núm. 17, *supra*, no se limita al patrono real o dueño de la empresa, sino que se extiende a toda persona responsable de la conducta en cuestión, sin distinción de clase alguna. *Rosario v. Dist. Kikuet, Inc.*, supra. Abona a esta conclusión, el hecho de que este artículo especifica las penalidades a las que estarán sujetas *todas las personas* que sean responsables de cometer el hostigamiento sexual, y distingue y especifica en su segundo párrafo, que el *patrono* podrá ser obligado a emplear, promover o reponer en su empleo al empleado. Es decir, claramente surge que el legislador tuvo en mente proveer remedios dirigidos a todas las personas —incluido el patrono— así como remedios dirigidos específicamente al patrono. De haber querido excluir la responsabilidad individual, el legislador no hubiese hecho la distinción en cuanto a la posible obligación del patrono de emplear, promover o reponer al empleado.

*Publíquese.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez reconsideraría. El Juez Asociado Señor Fuster Berlingeri no intervino.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*