**Luz Eneida HUERTAS–GONZALEZ, Plaintiff**

v.

**UNIVERSITY OF PUERTO RICO, et als., Defendants.**

**No. 06–1727 (DRD).**

United States District Court, D. Puerto Rico.

Oct. 23, 2007.

306

Nicolas Nogueras-Cartagena, Nicolas Nogueras Law Offices, San Juan, PR, for Plaintiff.

Kayra D. Montanez-Laboy, University of PR-Legal Affairs Office, Raquel M. Dulzaides, Jimenez, Graffam & Lausell, Jose L. Gonzalez-Castaner, Gonzalez Castaner & Morales Cordero Law Office, San Juan, PR, for Defendants.

### AMENDED OPINION AND ORDER NUNC PRO TUNC

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is co-defendant Willie Rosario's *Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6)* (Docket No. 42), plaintiff Luz Eneida Huertas–Gonzalez' *Response in Opposition to Motion to Dismiss* (Docket No. 43), co-defendant University Puerto Rico's *Partial Motion to Dismiss* (Docket No. 44), Plaintiff's *Response in Opposition to Motion to Dismiss Filed by UPR* (Docket No. 47), and co-defendant University Puerto Rico's *Reply to Response in Opposition to Motion to Dismiss Filed by UPR* (Docket No. 55). Also pending before the Court is co-defendants', Willie Rosario, his spouse Minerva Cruz and the Conjugal Partnership comprised by them, *Motion to Dismiss* (Docket No. 56), Plaintiff's *Motion to Strike Motion to Dismiss* (Docket No. 61) and defendants', Willie Rosario, his spouse Minerva Cruz and the Conjugal Partnership comprised by them, *Response in Opposition to Plaintiff's Motion to Strike* (Docket No. 62).

### I. INTRODUCTION

In the instant case co-defendants, Willie Rosario, his spouse Minerva Cruz and the Conjugal Partnership comprised by them, in essence aver that all of the claims against them should be dismissed for the following reasons: (1) Title VII does not provide for individual liability and co-defendant Willie Rosario is not an employer under said Title, (2) the invoked Commonwealth employment statute (Act No. 100 of June 30, 1959) does not apply to the Defendants, (3) Plaintiff's state (31 LPRA §§ 5141 and 5142) and federal (42 USC §§ 1981(a), 1983, 1985, 1986) damages claims are either time barred or fail to

state a claim for which relief can be granted and (4) Plaintiff fails to state a claim under the Fifth and Fourteenth Amendment.

On the other hand, Plaintiff contends that Co-defendants' *Motion to Dismiss* (Docket No. 42), should be denied for the following reasons: (1) co-defendant, Willie Rosario can qualify as an employer under Title VII since pursuant to the Fourth Circuit Court case of, *Paroline v. Unisys Corp.*, 879 F.2d 100 (4th Cir.1989), "a supervisor qualified as an 'employer' under Title VII if he exercised significant control over plaintiff's hiring, firing or conditions of employment." *See* Docket No. 43, pg. 3; (2) co-defendant, Willie Rosario may be found individually liable under Title VII, "since the U.S. Supreme Court has not issued a definite ruling on this issue, there is ample latitude for District Court Judges to ascertain whether the provision '. . . and any agent of such person' makes supervisors liable in their personal capacities." *See* Docket No. 43, pg. 4; (3) the Puerto Rico Act 100 does apply

> since the objective of that statute is the same objective of Title VII, that is, to prevent, discourage, and if necessary, punish discrimination on the workplace. In order to advance the purposes of the law, it is important that its language be interpreted liberally. Therefore, the same ample interpretation as to who is an employer, taking into account whether that person has influence over the plaintiff's hiring, firing or working conditions.

*See* Docket No. 43, pg. 5; (4) Plaintiff's Section 1981 and 1983 claims are not time barred (a) since Plaintiff filed the instant Complaint within ninety (90) days after the issuance of the EEOC's right to sue letter and (b) pursuant to the applicability of the

continuing violations theory; (5) Regarding the claims under Sections 1985 and 1986, "[t]he complaint presents facts which show at least the probability of a conspiracy to deprive the plaintiff of her civil rights based on her gender." *See* Docket No. 43, pg. 7; (6) The Fifth and Fourteenth Amendments apply since the University of Puerto Rico is a "de facto" agent of the Federal Government and an entity of the government of Puerto Rico; and finally (7) the supplemental jurisdiction claims should not be dismissed since the Complaint "establishes a prima facie case of violation of several federal statutes by the defendant. There[fore], there is clearly a legitimate federal question controversy between the parties." *See* Docket No. 43, pg. 9 (*emphasis ours*).

Co-defendant, University of Puerto Rico avers that most of the claims against it should be dismissed for the following reasons: (1) the University of Puerto Rico is not covered by the Puerto Rico Act 100 of June 30, 1959, 29 L.P.R.A. §§ 146–151, (2) the University of Puerto Rico is protected from suits in Federal Court by the Eleventh Amendment, (3) Plaintiff's state (31 LPRA §§ 5141 and 5142) and federal (42 USC §§ 1981a, 1983, 1985, 1986) damages claims are either time barred or fail to state a claim for which relief can be granted, and (4) Plaintiff's claims under the Fifth and Fourteenth Amendment should be dismissed due to the fact that the University is not a federal actor and the Complaint fails to state a claim of a due process violation.

On the other hand, Plaintiff contends that Co-defendants University of Puerto Rico's *Partial Motion to Dismiss* (Docket No. 44), should be denied for the following reasons: (1) the University of Puerto Rico is employer under Title VII[1]; (2) the

---

**1.** The Court notes that co-defendant, University of Puerto Rico is not seeking the dismissal

Puerto Rico Act 100 does apply to the University of Puerto Rico "because the clear language of the law does not require it to be a *for profit* institution." *See* Docket No. 47, pg. 4 (*emphasis on original*); (3) Pursuant to *Toledo v. Sanchez,* 454 F.3d 24 (1st Cir.2006), "the UPR is not covered by the Eleventh Amendment in discrimination cases." *See* Docket No. 47, pg. 5; (4) since Plaintiff's claim is under Section 1981(a) and not under Section 1981, the "UPR is therefore incorrect in stating that plaintiff must state that it is a member of a racial minority, since that is not a requirement of Section 1981(a)." *See* Docket No. 47, pg. 6; (5) Plaintiff's Section 1983 claim is not time barred (a) since Plaintiff filed the instant Complaint within ninety (90) days after the issuance of the EEOC's right to sue letter and (b) pursuant to the applicability of the continuing violations theory; (6) Regarding the claims under Sections 1985 and 1986, "[t]he complaint presents facts which show at least the probability of a conspiracy to deprive the plaintiff of her civil rights based on her gender." *See* Docket No. 47, pg. 8; (7) The Fifth and Fourteenth Amendments apply since the University of Puerto Rico is a "de facto" agent of the Federal Government as well as an entity of the government of Puerto Rico. However, the UPR is not an "arm of the state" as it is autonomous and it has standing to sue and being sued independently of the government of the Commonwealth of Puerto Rico. *See* Docket No. 47, pg. 9; and finally (8) the supplemental jurisdiction claims should not be dismissed since the Complaint "establishes a prima facie case of violation of several federal statutes by the defendant. There[fore], there is clearly a legitimate federal question controversy between the parties." *See* Docket No. 47, pg. 9.

of the Title VII claims against it, at this stage

For the reasons stated below the Court hereby **GRANTS** co-defendant, Willie Rosario's, *Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6)* (Docket No. 42), as well as co-defendants', Willie Rosario his spouse Minerva Cruz and the Conjugal Partnership comprised by them, *Motion to Dismiss* (Docket No. 56), and **GRANTS** co-defendant University Puerto Rico's *Partial Motion to Dismiss* (Docket No. 44). Plaintiff's *Motion to Strike Motion to Dismiss* (Docket No. 61) is hereby found as **MOOT.** Consequently, all the claims against co-defendants, Willie Rosario his spouse Minerva Cruz and the Conjugal Partnership comprised by them, are hereby **DISMISSED** with **PREJUDICE,** and all of the claims against University Puerto Rico, except the Title VII claim, are hereby **DISMISSED** with **PREJUDICE.**

## II. MOTION TO DISMISS STANDARD R. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *See Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)(*emphasis ours* ); *see also Berrios v. Bristol Myers Squibb Caribbean Corp.,* 51

of the proceedings. *See* Docket No. 55, pg. 2.

F.Supp.2d 61 (D.Puerto Rico 1999). A complaint, in order to survive a motion to dismiss, must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." See Romero–Barceló v. Hernández–Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

In other words, in order for a Plaintiff to sustain recovery under some actionable theory, the Plaintiff must plead, pursuant to the

Federal Rule of Civil Procedure 8(a)(2), only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), FN3 on the

assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

See Bell Atlantic Corporation v. Twombly, —— U.S. ——, —— – ——, 127 S.Ct. 1955, 1964–1965, 167 L.Ed.2d 929 (2007).

While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. See 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

See Id. at 1965.

But many district and circuit judges as well as commentators have refused to follow literally the passage of Conley as to "no set of facts".

Seeing this, a good many judges and commentators have balked at taking the literal terms of the *Conley* passage as a pleading standard. See, *e.g., Car Carriers*, 745 F.2d, at 1106 ("Conley has never been interpreted literally") and, "[i]n practice, a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" (internal quotation marks omitted; emphasis and omission in original); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1155 (9th Cir.1989) (tension between *Conley's* "no set of facts" language and its acknowledgment that a plaintiff must provide the "grounds" on which his claim rests); *O'Brien v. DiGrazia*, 544 F.2d 543, 546, n. 3 (1st Cir.1976) ("[W]hen a plaintiff ... supplies facts to support his claim, we do not think that *Conley* imposes a duty on the courts to conjure up unpleaded facts that might turn a frivolous claim of unconstitutional ... action into a substantial one"); *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42–43 (6th Cir.1988) (quoting *O'Brien's* analysis); Hazard, From Whom No Secrets Are Hid, 76 Tex. L.Rev. 1665, 1685 (1998) (describing Conley as having "turned Rule 8 on its head"); Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 Colum. L.Rev. 433, 463–465 (1986) (noting tension between Conley and subsequent understandings of Rule 8).

We could go on, but there is no need to pile up further citations to show that *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the Conley Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief.

*See Id.* at 1969.

■ However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *See Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. *See Litton Indus., Inc. v. Colon*, 587 F.2d 70, 74 (1st Cir.1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim....". *See Id.; see also Rogan v. Menino*, 175 F.3d 75 (1st Cir.1999).

■ A district court's dismissal of a claim under Rule 12(b)(6) is reviewed de novo by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." *See Calderon–Ortiz v. Laboy Alvarado*, 300 F.3d 60, 62–63 (1st Cir.2002)(*emphasis ours* ); *see also SEC v.SG Ltd.*, 265 F.3d 42, 46 (1st Cir.2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. *See Calderon Ortiz*, 300 F.3d at 63(*quoting Conley*, 355 U.S. at 45–46, 78 S.Ct. 99 and *Aulson*, 83 F.3d at 3).

## III. ANALYSIS

**A. Title VII claim against co-defendants, Willie Rosario, his spouse Minerva Cruz and the Conjugal Partnership comprised by them**

■ Although the First Circuit Court of Appeals has not yet decided whether an individual may be found liable under Title VII

... most circuits have held that no personal liability can be attached to agents or supervisors under Title VII. *See Serapion v. Martinez,* 119 F.3d 982 (1st Cir.1997) (declining to address the issue of individual liability); *but see Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 493 (7th Cir.1998) *(citing Williams v. Banning,* 72 F.3d 552 (7th Cir.1995), where no individual liability under Title VII was found); *Lissau v. Southern Food Serv., Inc.,* 159 F.3d 177, 180–81 (4th Cir.1998) (no individual liability under Title VII); *Wathen v. General Elec. Co.,* 115 F.3d 400, 405–06 (6th Cir.1997) (same); *Haynes v. Williams,* 88 F.3d 898 (10th Cir.1996) (same); *Dici v. Com. of Pa.,* 91 F.3d 542 (3rd Cir.1996) (same); *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2nd Cir.1995) (same); *Gary v. Long,* 313 U.S.App. D.C. 403, 59 F.3d 1391 (D.C.Cir.1995) (same); *Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377 (8th Cir.1995) (same); *Smith v. Lomax,* 45 F.3d 402 (11th Cir.1995) (same); *Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir.1994) (same); *Miller v. Maxwell's International, Inc.,* 991 F.2d 583 (9th Cir.1993) (same). Like the majority of the circuit courts, this District has generally held that individual defendants are not liable under Title VII. *See Canabal v. Aramark Corp.,* 48 F.Supp.2d 94, 95–98 (D.Puerto Rico 1999) (Pieras, J.); *Acevedo Vargas v. Colon,* 2 F.Supp.2d at 206; *Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 92–93 (D.Puerto Rico 1997); *Hernandez v. Wangen,* 938 F.Supp. 1052 (D.Puerto Rico 1996); *Anonymous v. Legal Services Corporation,* 932 F.Supp. 49, 50–51 (D.Puerto Rico 1996).

**The Court is compelled by the reasoning of previous decisions within this District. Title VII's statutory structure suggests that Congress did not intend to impose individual liability over supervisors or agents of employers.**

*See Sanchez Ramos v. Puerto Rico Police Department,* 392 F.Supp.2d 167, 179 n. 6 (D.P.R.2005)*(emphasis ours )(quoting Padilla Cintron v. Rossello Gonzalez,* 247 F.Supp.2d 48 (D.P.R.2003)) and *citing Flamand v. American International Group, Inc.,* 876 F.Supp. 356, 361–64 (D.P.R.1994).

For said reasons, the Title VII claim against Willie Rosario his spouse Minerva Cruz and the Conjugal Partnership comprised by them, is hereby **DISMISSED with PREJUDICE.**

**B. Claims under 42 U.S.C.A. §§ 1983, 1985(3), 1986 and under the Fifth and Fourteenth Amendment against all Defendants[2]**

■ Since the Civil Rights Act of 1991 does not have a specific statute of

---

**2.** Regarding Plaintiff's 42 U.S.C.A. § 1983a claim, the Court agrees with the fact that the aforementioned section is a different and separate section than 42 U.S.C.A. § 1983(a). Pursuant to 42 U.S.C.A. § 1983a(a)(1)

In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C.A. §§ 2000e–5 or 2000e–16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C.A. §§ 2000e–2, 2000e–3,

or 2000e–16], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

Consequently, since the dismissal of Plaintiff's Title VII claim against co-defendant University of Puerto Rico is not being requested at this stage of the proceedings (See Docket No. 55, pg 2), Plaintiff may still be able to recover

limitations, "courts have been encouraged to, and must apply, the state's statute of limitations which is most appropriate to the particular ... claim." *See Sanchez Ramos,* 392 F.Supp.2d at 180; *see also Lopez v. Padilla,* 73 F.Supp.2d 145 (D.P.R. 1999); *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 96 (1st Cir.2004)("*Sections 1981, 1983,* and *1985* borrow the forum state's statute of limitations for personal injury claims.")(*citing Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660–62, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) for § 1981, *Wilson v. Garcia,* 471 U.S. 261, 277–280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) for § 1983 and *Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir.2003) for § 1985)). The most analogous statute of limitations for claims under §§ 1983, 1985(3), 1986, and the Fifth and Fourteenth Amendment (Due Process)[3], is the one for personal injury actions which in Puerto Rico is one year. *See Rodriguez–Garcia,* 354 F.3d at 96; *see also Sanchez Ramos,* 392 F.Supp.2d at 181; *Vistamar, Inc., v. Fagundo–Fagundo,* 430 F.3d 66, 69–70 (1st Cir.2005)(... [I]t is well-established in this circuit-that the relevant statute of limitations for civil rights claims in Puerto Rico is one year, in accordance with 31 L.P.R.A. § 5298(2))(*emphasis ours*)(*citing Centro Médico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 6 (1st Cir.2005); *Benítez–Pons v. Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998)); *Ruiz–Sulsona v. Univ. of Puerto Rico,* 334 F.3d 157, 160 (1st Cir.2003); *Guzman–Rivera v. Rivera–Cruz,* 29 F.3d 3, 4–5 (1st Cir.1994); *Altair Corp. v. Pesquera de Busquets,* 769 F.2d 30, 31 (1st Cir.1985).) Notwithstanding, "Federal law determines the date on which the claim accrued ..." and "[u]nder federal law, the limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis for [her] claim." *See Rodriguez–Garcia,* 354 F.3d at 96–97 (*emphasis ours*)(*internal quotations omitted*)(*citing Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 353 (1st Cir.1992) and *quoting Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 41–42 n. 5 (1st Cir.1990)).

In the instant case, pursuant to the allegations in Plaintiff's *Amended Complaint* (Docket No. 65), "the plaintiff filed a discrimination charge against the UPR (through its Board of Turstees) with the Equal Employment Opportunity Commission (EEOC)" on March 23, 2005. *See* Docket No. 65, pg. 5; *see also* Docket No. 1, Exhibit 1. The Court will use said date in order to determine whether or not Plaintiff's claims under 42 U.S.C.A. §§ 1983, 1985(3), 1986, and the Fifth and Fourteenth Amendment are time barred, because it is unquestionable that by the time Plaintiff had filed her EEOC claim she knew or "ha[d] reason to know of the injury which is the basis for [her] claim." *See Rodriguez–Garcia,* 354 F.3d at 96–97 (*emphasis ours*). The original *Complaint* (Docket No. 1) in this case was filed on July 21, 2006, almost one (1) year and four (4) months after the filing of the EEOC claim.

Plaintiff should be aware that the Supreme Court of Puerto Rico has ruled that the filing of an administrative complaint will not toll the running statute of limitations for tort actions nor violations of constitutional rights, provided that an

---

compensatory and punitive under 42 U.S.C.A. § 1983a.

3. Since Plaintiff's Fifth and Fourteenth Amendment claims of due process are within the claims under 42 U.S.C.A. §§ 1983, 1985(3) and 1986, the applicable statute of limitations for said Constitutional claims is the same as the one applied to the claims under §§ 1983, 1985(3) and 1986, of one year. *See Sanchez Ramos,* 392 F.Supp.2d at 180–182.

administrative agency, such as the ... EEOC, does not possess jurisdiction over such matters. *See Cintrón v. E.L.A.*, 127 D.P.R. 582, 595 (1990); *Delgado–Rodríguez v. Nazario*, 121 D.P.R. 347 (1988); *León Nogueras*, 964 F.Supp. 585, 588–89 (1st Cir.1997).

*See Sanchez Ramos*, 392 F.Supp.2d at 181.

Therefore, since the applicable statute of limitations for Plaintiff's claims under §§ 1983, 1985(3),1986, and the Fifth and Fourteenth Amendments in this District is one year, Plaintiff's claims under the aforementioned sections and Amendments are time barred. For said reason, Plaintiff's claims under §§ 1983, 1985(3),1986, and the Fifth and Fourteenth Amendments, against all of the Defendants are **DISMISSED with PREJUDICE.**

### C. Claims under 31 L.P.R.A. §§ 5141 and 5142 against all Defendants

 Plaintiff's state claims under §§ 5141 and 5142 are claims under Puerto Rico's basic tort statute which has a one (1) year statute of limitations. *See Vargas v. Fuller Brush Co. Of Puerto Rico*, 336 F.Supp.2d 134, 144 (D.P.R.2004); *see also Marcano–Rivera v. Pueblo Intern., Inc.*, 232 F.3d 245, 254 (1st Cir.2000). Notwithstanding, as previously stated

> the Supreme Court of the Commonwealth of Puerto Rico has held that the filing of an administrative charge will not toll the running of the statute of limitations for a tort action, even if the tort arises from the same event which gave rise to the administrative complaint, because the administrative agency ha[s] no jurisdiction over tort claims.

*See Sifre v. Department of Health*, 38 F.Supp.2d 91, 96 (D.P.R.1999)(*quoting Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. 585, 589 (D.P.R.1997));

*see also Vargas*, 336 F.Supp.2d at 144. Since the original *Complaint* (Docket No. 1) in this case was filed on July 21, 2006, almost one (1) year and four (4) months after the filing of the EEOC claim, Plaintiff's claims under §§ 5141 and 5142 are time barred. Therefore, Plaintiff's claims under 31 L.P.R.A. §§ 5141 and 5142, against all of the Defendants are hereby **DISMISSED with PREJUDICE.**

### D. Claims under Law 100 of June 30, 1959 (29 L.P.R.A. § 146), Law 17 of June 30, 1959 (29 L.P.R.A. § 155) and Law 69 of July 6, 1985 (29 L.P.R.A. § 1321) against all Defendants

#### 1. Law 100 of June 30, 1959 (29 L.P.R.A. § 146)

 The legislative history of Act No. 100 shows that its main objective was to protect employees in the private sector from all types of discrimination although, via exception, the protection covered all employees of government agencies or instrumentalities that operate as private businesses or companies.

*See Rodriguez Cruz v. Padilla Ayala*, 125 D.P.R. 486, 508 (1990), 1990 WL 657488 (Official English Transaltion); *see also Rivera Briceno v. Juan Rodriguez*, 129 D.P.R. 669, 675–676 (1991). Hence, Law 100 would apply to the University of Puerto Rico if it "were comprised within the concept of 'agencies or instrumentalities of the Government of Puerto Rico [that] operat[e] as private businesses or enterprises.'" *See Id*, (*emphasis on original*). Notwithstanding, since the U.P.R. is considered to be a non-profit government instrumentality, Law 100 does not apply in this case, against any of the Defendants.[4]

---

4. Moreover, "[t]he Law 100 discrimination claim based on sex against the U.P.R. is also barred by the 11th Amendment." *See Dogson v. University of Puerto Rico*, 26 F.Supp.2d

*See Dogson v. University of Puerto Rico,* 26 F.Supp.2d 341, 342 n. 1 (D.P.R.1998)

(Law 100 does not apply to non-profit government instrumentalities as is the U.P.R. Defendant is a government instrumentality. It does not operate as a private business or enterprise. Only government agencies and instrumentalities functioning as "private businesses or enterprises" are within the scope of Law 100. *Cuello Suarez v. Puerto Rico Electric Power Authority,* 798 F.Supp. 876, 887 (D.P.R.1992). Defendant does not operate as a private business or enterprise; the U.P.R., is a non-profit organization. As a non-profit organization, it renders public services directed towards offering higher education to the people of Puerto Rico. P.R. Laws Ann. tit. 18, § 601 et seq.: *See Sepulveda v. U.P.R.,* 115 D.P.R. 526, 527, 1984 WL 270919 (1984); *Pinto v. Universidad De Puerto Rico,* 895 F.2d 18, 18 (1st Cir.1990); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 885, n. 6 (1st Cir.1988); *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978); *Silva v. Universidad de Puerto Rico,* 834 F.Supp. 553 (D.P.R. 1993); *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000 (D.P.R.1993); *see also Amelunxen v. University of Puerto Rico,* 815 F.2d 691 (1st Cir.1987) (holding that U.P.R. is an instrumentality of the Puerto Rico government in light of its financial and political dependence on the Commonwealth's government). **Therefore, Defendant is a non-profit government instrumentality not under the scope of Law 100.**)

(*Emphasis ours*); *see also Montalvo–Padilla v. University of Puerto Rico,* 492 F.Supp.2d 36, 43 (D.P.R.2007)

("Upon examination of Act 100's definition of employer, and per the discussion in *Rodriguez Cruz, supra,* with regards to the purposes and scope of that statute, we conclude that the U.P.R. is not an employer within the meaning provided for that term in Act 100.").

For said reason, Plaintiff's claims under Law 100 of June 30, 1959, 29 L.P.R.A. § 146, against all of the Defendants are hereby **DISMISSED with PREJUDICE.**

2. **Law 17 of June 30, 1959 (29 L.P.R.A. § 155) and Law 69 of July 6, 1985 (29 L.P.R.A. § 1321)**

▮▮▮▮ It is well settled law that the Eleventh Amendment bars suits brought in federal courts for monetary damages against the states, arms of the state and/or state instrumentalities, unless the state being sued waives its immunity or consents to be sued.[5] *See Vizcarrondo v. Board of Trustees of the University of Puerto Rico,* 139 F.Supp.2d 198, 208 (D.P.R.2001). Furthermore, "[t]he First Circuit and this District have consistently held that the U.P.R. is an instrumentality of the state for Eleventh Amendment purposes". *See Montalvo–Padilla v. University of Puerto Rico,* 492 F.Supp.2d 36, 43 (D.P.R.2007); *see also Maysonet–Robles v. Cabrero,* 323 F.3d 43 (1st Cir.2003). Hence, "Puerto Rico's sovereign immunity under the Eleventh Amendment serves to bar plaintiff's claims under . . . . Law 17 (29 P.R. LAWS ANN. § 155)[and Law 69 of July 6, 1985 (29 L.P.R.A. § 1321)] for damages in federal court, against co-defendant University

341, 342 (D.P.R.1998) (*citing Lipsett v. U.P.R.,* 864 F.2d 881, 885, FN. 6 (1st Cir.1978)).

5. "Although a Puerto Rican statute authorizes tort actions against defendants, sovereign immunity likewise precludes federal jurisdiction

of a tort action for damages against the government of Puerto Rico." *See Dogson v. University of Puerto Rico,* 26 F.Supp.2d 341, 342 (D.P.R.1998) (*citing Litton Industries, Inc. v. Hernandez Colon,* 587 F.2d 70 (1st Cir.1978)).

of Puerto Rico and co-defendant Willie Rosario–Arroyo in his official capacity." *See Vizcarrondo v. Board of Trustees of University of Puerto Rico,* 139 F.Supp.2d 198, 208 (D.P.R.2001)(*citing Nogueras v. University of Puerto Rico,* 890 F.Supp. 60, 64 (D.P.R.1995) and *Amelunxen v. University of Puerto Rico,* 637 F.Supp. 426 (D.P.R.1986), *Affirmed* by 815 F.2d 691 (1st Cir.1987); *see also Pinto v. Universidad De Puerto Rico,* 895 F.2d 18 (1st Cir.1990))

> (The court's analysis and conclusion that the University is an arm of the state within the purview of the Eleventh Amendment is quite correct. We so stated, by way of dictum, in *Perez v. Rodriguez Bou,* 575 F.2d 21, 25 (1st Cir.1978), and we affirmed without opinion, at 815 F.2d 691 (1st Cir.1987), what was at least an alternative holding of the district court in *Amelunxen v. University of Puerto Rico,* 637 F.Supp. 426 (D.P.R.1986). Further applicable reasoning is to be found in our recent case of Plaintiffs' *Steering Committee v. Tourism Company of Puerto Rico,* 888 F.2d 940 (1st Cir.1989). That the University cannot be liable in damages is clear.)

■ Moreover, although "Law 17 and Law 69 permit the court to order injunctive relief, including hiring, promoting, or reinstating the employee, and desisting from the unlawful discriminatory acts ..." *see e.g. Nogueras v. University of Puerto Rico,* 890 F.Supp. 60, 65 (D.P.R. 1995),

> *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), ....does not allow injunctive relief against state officials for violation of state law, which is the issue here. *See id.* at 155–56. In this situation, the Eleventh Amendment bar still holds, because "[a] federal court's grant of relief against state offi-

cials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law." *Pennhurst,* 465 U.S. at 106, 104 S.Ct. 900, 79 L.Ed.2d 67. As the Court noted in *Pennhurst,* "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id. See Diaz–Fonseca v. Puerto Rico,* 451 F.3d 13, 43 (1st Cir., 2006).

For said reason, Plaintiff's claims under Law 17 and 69, against co-defendant University of Puerto Rico and co-defendant Willie Rosario–Arroyo in his official capacity are hereby be **DISMISSED with PREJUDICE.**

■ Regarding Plaintiff's claims under Law 17 and Law 69 against co-defendant Willie Rosario–Arroyo in his individual capacity, the Court finds that although the Supreme Court of Puerto Rico has decided that Law 17 and Law 69 provide for individual liability, in the instant case, said claims are time barred. *See Rosario Toledo et als., v. Distribuidora Kikuet, Inc., et als.,* 153 D.P.R. 125, 131 (2000); *Rivera Briceno v. Rodriguez,* 129 D.P.R. 669, 676 (1991); *see also Vargas v. The Fuller Brush Company of Puerto Rico,* 336 F.Supp.2d 134, 142–143 (D.P.R.2004)(Holding that "Law 17 and Law 69 do support individual liability".).

The Supreme Court of Puerto Rico has consistently "held that the filing of an administrative complaint before the Equal Employment Opportunity Commission alleging sex discrimination in violation of Title VII toll[s] the statute of limitations for an equivalent cause of action under Puerto Rico law." *See Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 99 (1st Cir.2004)(*citing Matos Molero v. Roche Products, Inc.,* 132 D.P.R. 470 (1993) and *Leon–Nogueras v. Univ. of*

*P.R.*, 964 F.Supp. 585, 589 (D.P.R. 1997)("... the filing of a Title VII claim with the EEOC not only tolls but suspends the running of the statute of limitations for claims under Law 100 arising out of the same incidents.")); *see also Iravedra v. Public Building Authority*, 283 F.Supp.2d 570, 577 (D.P.R.2003). Consequently, in *Leon–Nogueras v. University of Puerto Rico*, 964 F.Supp. at 588, this Court held that

> ... by filing an administrative complaint either with the EEOC or with the Anti–Discrimination Unit of the Department of Labor, **and notifying such charge to the defendants, a plaintiff can toll the running of the statute of limitations for any claims under Title VII and Law 100.**

*(Emphasis ours )(citing Matos Molero*, 132 D.P.R. 470).

▮▮ Furthermore, the Court holds, as it did in *Leon–Nogueras v. University of Puerto Rico*, that "[a]lthough the Puerto Rico Supreme Court has not held that the same holds true for claims of violations of Law 69 or Law 17, that may safely be assumed for purposes of this opinion." 964 F.Supp. at 588; *see also Vargas v. Fuller Brush Co. of Puerto Rico*, 336 F.Supp.2d 134, 143 (D.P.R.2004); *Rodriguez Torres v. Caribbean Forms Manufacturer*, 286 F.Supp.2d 209 (D.P.R.2003). Notwithstanding, the filing of an administrative complaint before the EEOC will not toll the statute of limitations for federal causes of action under employment discrimination laws, for example Title VII, and/or equivalent state law causes of action, for example claims under Law 17 and 69 (29 L.P.R.A. §§ 155 and 1321), unless the Defendants **have been notified** of the filing of said EEOC claim. *See Leon–Nogueras v. Univ. of P.R.*, 964 F.Supp. at 588.

> **Unlike filing a lawsuit, the mere filing of an administrative charge is insufficient to toll the running of a statute of limitations even for causes of action under employment discrimination laws. Because an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect.**

*See Id.* at 589 (*emphasis ours* ); *see also Vargas v. Fuller Brush Co. of Puerto Rico*, 336 F.Supp.2d 134, 143 (D.P.R.2004)

> Once the plaintiff has filed the claim **and notified the employer-defendant of its filing,** the one-year prescriptive period is suspended throughout the duration of the administrative proceedings and **until the employer-defendants are notified of the agency's decision.** *Delgado Graulau v. Pegasus Communications of Puerto Rico*, 130 F.Supp.2d 320, 334 (D.Puerto Rico 2001); *Padilla Cintrón v. Rosselló*, 247 F.Supp.2d 48, 55–56 (D.Puerto Rico 2003).

*(Emphasis ours* ).

▮▮ In the instant case, the record shows that on March 23, 2005, Plaintiff filed an administrative claim before the EEOC against the Board of Trustees of the University of Puerto Rico and Willie Rosario–Arroyo, as Sub–Director of the Retirement System of the University of Puerto Rico. Consequently, on April 24, 2006, the EEOC issued a right to sue letter which pursuant to Plaintiff's allegations, was received on April 24, 2006 (*See* Docket No. 65, pg 5). The Court notes that the EEOC sent a copy of the right to sue letter (*See* Docket No. 1, Exhibit 2) to co-defendant University of Puerto Rico's attorney Raquel Dulzaides at Jimenez, Graffam & Lausell Attorneys at Law, P.O. Box 366104, San Juan, P.R. 00936–6104. Therefore, it can be assumed that the University of Puerto Rico was adequately noti-

fied of the filing of the EEOC as well as the EEOC's final decision. On the other hand, although the EEOC claim was also filed against co-defendant Willie Rosario–Arroyo in his official capacity, nowhere in the record does it show that he was personally notified of the filing of the EEOC claim nor of the EEOC's final decision. *See Leon–Nogueras v. Univ. of P.R.*, 964 F.Supp. at 589. As aforementioned, "[b]ecause an administrative charge operates as an extrajudicial claim, it must be personally notified to the defendant if it is to have a tolling effect." *See Id.*, (*emphasis ours*). Hence, "the filing of the administrative charge did not toll the running of the statute of limitations for the cause of action under Puerto Rico Laws 17 and 69 against [co-defendant Willie Rosario–Arroyo] in [his] personal capacity." *See Id.* at 590 (*emphasis ours*). For said reason Plaintiff's claims under Puerto Rico Laws 17 and 69 against co-defendants Willie Rosario–Arroyo in his personal capacity, his spouse Minerva Cruz and the Conjugal Partnership comprised by them, are hereby **DISMISSED with PREJUDICE.**

## IV. CONCLUSION

In conclusion the Court hereby **GRANTS** co-defendant, Willie Rosario's, *Motion to Dismiss Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6)* (Docket No. 42), as well as co-defendants', Willie Rosario his spouse Minerva Cruz and the Conjugal Partnership comprised by them, *Motion to Dismiss* (Docket No. 56), and **GRANTS** co-defendant University Puerto Rico's *Partial Motion to Dismiss* (Docket No. 44). Plaintiff's *Motion to Strike Motion to Dismiss* (Docket No. 61) is hereby found as **MOOT.** Consequently, all the claims against co-defendants, Willie Rosario, his spouse Minerva Cruz and the Conjugal Partnership comprised by them, are hereby **DISMISSED** with **PREJUDICE,** and

the claims against University Puerto Rico, *except the Title VII claim,* are hereby **DISMISSED with PREJUDICE.**

**IT IS SO ORDERED AMENDING NUNC PRO TUNC OPINION AND ORDER DATED September 30th 2007.**